■ In the Matter of CONCORD VILLAGE OWNERS, INC., et al., Appellants, v CITY OF NEW YORK COMMISSION ON HUMAN RIGHTS, Respondent. [605 NYS2d 314] —In a proceeding pursuant to Administrative Code of the City of New York, chapter 1, title 8, § 8-107 (5) (a) (1), and CPLR article 78 seeking to vacate a decision and order of the City of New York Commission on Human Rights dated March 8, 1990, which found that the petitioners had unlawfully discriminated against the complainants, the petitioners appeal from a judgment of the Supreme Court, Kings County (Garry, J.), dated June 6, 1991, which, inter alia, dismissed the petition.

Ordered that the judgment is reversed, on the law, with costs, the petition is granted, the decision and order of the respondent City of New York Commission on Human Rights dated March 8, 1990, is vacated and annulled, and the charges are dismissed.

Administrative Code § 8-123 (e) provides that findings of fact made by the City of New York Commission on Human Rights (hereinafter the Commission) are "conclusive if supported by sufficient evidence on the record considered as a whole". In reviewing the Commission's findings, the court is limited to determining whether those findings are supported by substantial evidence upon the whole record (see, 300 Gramatan Ave.

*Assocs. v State Div. of Human Rights,* 45 NY2d 176, 180). However, a court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency *(see, 300 Gramatan Ave. Assocs. v State Div. of Human Rights, supra,* at 181). The court must be more than a rubber stamp of the agency's determination *(see, Matter of New York City Tr. Auth. v State Div. of Human Rights,* 181 AD2d 891, 894; *see also, Sierra v McGuire,* 91 AD2d 179, 182, *revd on other grounds* 60 NY2d 720).

We find that the Commission's findings are not supported by substantial evidence and are arbitrary and capricious.

The complainants contended that their application to purchase an apartment was denied by the petitioners because they were unmarried, and the Commission agreed. However, the record clearly shows that the complainants were rejected solely because they were not financially qualified to purchase the subject apartment. At the time that the complainants appeared before the petitioner's admissions committee, they admittedly lacked the funds necessary to close on the purchase of the apartment. Although the complainants asserted that they would make up the several thousand dollar shortfall by the time of closing through such means as making an early withdrawal from a pension plan (thus incurring a tax penalty), obtaining a loan from the parents of one of the complainants (which would have to be immediately paid back), and receiving paychecks in the future, the admissions committee was not obligated to lend credence to such speculation. The indisputable fact was that the complainants were undercapitalized with an income based on the uncertainty of government grants. Moreover, both had been at their respective places of employment for less than a year. Significantly, the Commission's Administrative Law Judge found that at the time the complainants had presented themselves to the admissions committee for approval, "they could not demonstrate nor did they possess sufficient funds to close on the subject apartment".

Furthermore, the complainants' reliance upon two applications that had been made by the purchasers of other apartments at about the same time the complainants had made their application and which had been approved by the admissions committee is misplaced. Although those other applicants had lesser incomes, both applicants had more than enough liquid assets to cover all the closing costs on their apartments.

In addition, although the Commission's determination of probable cause stated that the subject apartment had been sold to a married couple, the record shows that it was, in fact, sold to an unmarried couple. Concededly, the admissions committee never questioned the complainants about their marital status, and the sole focus of the committee's interview was the complainants' financial situation.

It is apparent that the Commission's findings are not only unsupported by the evidence in the record but are also based on erroneous assumptions. Accordingly, the Commission's findings must be vacated, and the charges dismissed. Mangano, P. J., Balletta, Lawrence and O'Brien, JJ., concur.