■ In the Matter of JEFFREY L. SCHULMAN et al., Petitioners, v STATE DIVISION OF HUMAN RIGHTS, Respondent. [658 NYS2d 70] —Proceeding pursuant to Executive Law § 298 to review a determination of the New York State Division of Human Rights dated October 31, 1994, which, after a hearing, found that the petitioners, dentists and a dental corporation, had discriminated against the complainant because he was known to be infected with the human immunodeficiency virus (HIV), and awarded the complainant $25,000 in compensatory damages. By decision and order of this Court dated April 22, 1996, the petition was granted, on the law, with costs, and the determination was annulled *(Matter of Schulman v State Div. of Human Rights,* 226 AD2d 645). By order dated January 14, 1997, the Court of Appeals reversed and remitted the matter to this Court for consideration of issues raised but not previously considered *(Matter of Schulman v State Div. of Human Rights,* 89 NY2d 934).

Adjudged that the petition is granted, on the law, with costs, and the determination is annulled.

The complainant filed a complaint with the New York State Division of Human Rights (hereinafter SDHR) charging that he had been denied dental treatment because of his status as a person infected with the human immunodeficiency virus (hereinafter HIV). The SDHR then conducted a hearing to determine whether the complainant's former dentist, Dr. Edward Anker, and his associates, Dr. Jeffrey Schulman and Dr. Jules Shteierman, had discriminated against the complainant in violation of Executive Law § 296 (2).

The hearing record reveals that in April 1992 after nearly a three-year gap in treatment, the complainant visited Dr. Anker's office for a scheduled appointment. In view of the interval since the complainant's last visit, a dental hygienist employed by the practice asked the complainant to complete

an updated medical history form. During his session with the hygienist, who cleaned his teeth and took x-rays, the complainant disclosed the fact that he had tested positive for HIV.

After the hygienist completed the work, the complainant was examined by Dr. Anker, who reviewed the complainant's x-rays and determined that root canal therapy was necessary. Dr. Anker then referred the complainant to the University Hospital at Stony Brook for root canal treatment. Explaining his decision to refer the complainant to the University Hospital's dental unit, Dr. Anker testified that neither he nor Dr. Schulman performed root canal therapy, and that Dr. Shteierman, who performed 30 to 40% of the practice's root canal work, was away on vacation in Puerto Rico. Dr. Anker further noted that he referred the complainant to the hospital dental unit because the complainant was in immediate pain, and because he believed that the University Hospital, which had recently received a grant for the treatment of AIDs patients, was the best place for the complainant to receive treatment in view of the the risk of secondary infection inherent in root canal therapy. Although the complainant contacted Dr. Anker's secretary for additional referrals when he was unable to secure a prompt appointment at the University Hospital, there is no evidence that he ever again sought treatment from Dr. Anker, or that he requested an appointment with Dr. Shteierman upon his return from vacation.

On this record, the SDHR found that Dr. Anker had "refused to assist and denied him advantages and privileges offered to other patients, i.e. a referral to Dr. Shteierman or some other dentist for prompt root canal work, because of his HIV status", and that Dr. Anker and his associates had therefore unlawfully discriminated against the complainant in violation of the Human Rights Law (Executive Law § 296 [2] [a]). Dr. Anker and his associates now seek judicial review of the agency's determination.

It is well settled that "[t]he standard for review of administrative action is whether there was substantial evidence to support the finding" *(Matter of North Shore Univ. Hosp. v Rosa,* 86 NY2d 413, 419; *Matter of Lahey v Kelly,* 71 NY2d 135, 140). Substantial evidence "consists of proof within the whole record of such quality and quantity as to generate conviction in and persuade a fair and detached fact finder that, from the proof as a premise, a conclusion or ultimate fact may be extracted reasonably—probatively and logically" *(300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176, 181). Applying the substantial evidence standard to the instant case, we

find that the determination of the respondent that Dr. Anker discriminated against the complainant based upon his HIV status should be annulled. Here, the record demonstrates that Dr. Anker performed a complete oral examination of the complainant, and concluded that further treatment, in the form of root canal therapy, was needed. It is undisputed that Dr. Anker did not perform root canal work, and that his associate Dr. Shteierman, who performed root canal work on only 30 to 40% of the practice's patients, was away on vacation. Although the agency emphasized the fact that Dr. Anker did not advise the complainant of the option of seeking treatment from Dr. Shteierman upon his return from vacation, it was Dr. Anker's professional judgment that the complainant needed immediate treatment because he was in pain, and that the dental unit of the University Hospital would best provide that treatment in view of the risk of secondary infection. In this regard, we note that patients infected with HIV are not exempt from "those precautionary measures which are based on sound medical judgments" *(Matter of North Shore Univ. Hosp. v Rosa,* 194 AD2d 727, 729, *affd* 86 NY2d 413; *Matter of Lasser v Rosa,* 237 AD2d 361), and no evidence was presented at the hearing to establish that Dr. Anker's exercise of medical judgment in advising the complainant to seek immediate treatment in a hospital setting was inappropriate or medically unsound. Finally, although the record establishes that the complainant contacted Dr. Anker's secretary to request additional referrals, he sought no further treatment from Dr. Anker or his associates. Thus, there is no evidence that Dr. Anker or the members of his practice denied the complainant further treatment.

Under all of these circumstances, the agency's finding that Dr. Anker discriminated against the complainant by failing to refer him to Dr. Shteierman or another private practice dentist is not supported by substantial evidence *(see, Matter of North Shore Univ. Hosp. v Rosa,* 86 NY2d 413, *supra; Matter of Lasser v Rosa, supra).* Santucci, J. P., Joy, Krausman and Florio, JJ., concur.