In an action, inter alia, in effect, to rescind a contract, the plaintiff appeals from an order of the Supreme Court, Putnam County (Nicolai, J.), dated July 18, 2012, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the appeal is dismissed, with costs.
“ ‘It is the obligation of the appellant to assemble a proper record on appeal’ ” (Waterside Estates at Cresthaven Homeowners Assn., Inc. v Ciafone, 108 AD3d 620, 620 [2013], quoting Gaffney v Gaffney, 29 AD3d 857, 857 [2006]; see Fernald v Vinci, 13 AD3d 333, 334 [2004]). “An appellant’s record on appeal must contain all of the relevant papers that were before the Supreme Court” (Waterside Estates at Cresthaven Homeowners Assn., Inc. v Ciafone, 108 AD3d at 620; see CPLR 5526; Matison v County of Nassau, 290 AD2d 494, 495 [2002]). “ ‘Appeals that are not based upon complete and proper records must be dismissed’ ” (Waterside Estates at Cresthaven Homeowners Assn., Inc. v Ciafone, 108 AD3d at 620, quoting Garnerville Holding Co. v IMC Mgt., 299 AD2d 450, 450 [2002]).
Here, the plaintiff failed to include in the record on appeal the papers submitted by the defendant in support of its motion for summary judgment dismissing the complaint, which are necessary for this Court to render an informed decision on the merits (see Waterside Estates at Cresthaven Homeowners Assn., Inc. v Ciafone, 108 AD3d at 620-621; Gurwitz v French, 90 AD3d 840, 840-841 [2011]; Block 6222 Constr. Corp. v Sobhani, 84 AD3d 1292, 1292 [2011]). Accordingly, the appeal must be dismissed. Mastro, J.P., Dickerson, Chambers and Roman, JJ., concur.