■ Vera Elgart, Respondent-Appellant, v Michael Berezovsky, Appellant-Respondent. [999 NYS2d 515]—

In an action for a divorce and ancillary relief, the defendant appeals, as limited by his brief, from stated portions of an order of the Supreme Court, Kings County (Thomas, J.), dated April 9, 2014, which, inter alia, denied those branches of his motion which were pursuant to CPLR 4402 for a mistrial and to award him sole physical custody of the parties' child, and granted those branches of the plaintiff's cross motion which were to quash certain subpoenas and to restrain him from issuing subpoenas to the child's teachers, and the plaintiff cross-appeals, as limited by her brief, from so much of the same order as

granted that branch of the defendant's motion which was to allow a report prepared by a court-appointed forensic evaluator to be released to the defendant's expert witness and denied those branches of her cross motion which were to restrain the defendant from issuing subpoenas to the child's pediatrician, babysitter, and paternal and maternal grandmothers.

Ordered that the appeal from so much of the order as granted those branches of the plaintiff's cross motion which were to quash certain subpoenas and to restrain the defendant from issuing subpoenas to the child's teachers, and the cross appeal from so much of the order as denied those branches of the plaintiff's cross motion which were to restrain the defendant from issuing subpoenas to the child's pediatrician, babysitter, and paternal and maternal grandmothers are dismissed; and it is further,

Ordered that the order is affirmed insofar reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

It is the obligation of the appellant to assemble a proper record on appeal (*see Green Tree Credit, LLC v Jelks*, 120 AD3d 1300 [2014]; *Matter of Rose G. [Vincent G.]*, 120 AD3d 683, 684 [2014]; *Matter of George v Kings County Hosp. Ctr.*, 119 AD3d 569 [2014]). Here, neither the original record filed by the defendant nor the supplemental joint record contain the plaintiff's cross motion, inter alia, to quash certain subpoenas or restrain the defendant from issuing certain subpoenas, or any of the papers that were submitted in support of or in opposition to that cross motion. Since the record is inadequate to enable this Court to render an informed decision on the merits regarding so much of the appeal and cross appeal as relate to that cross motion, so much of the appeal and cross appeal as relate to that cross motion must be dismissed (*see Green Tree Credit, LLC v Jelks*, 120 AD3d at 1300; *Al-Shahrani v Hudson Auto Traders, Inc.*, 110 AD3d 749 [2013]; *Neunteufel v Nelnet Loan Servs., Inc.*, 104 AD3d 657, 657-658 [2013]).

The Supreme Court providently exercised its discretion in denying that branch of the defendant's motion which was pursuant to CPLR 4402 for a mistrial based on, among other things, the lengthy delays that occurred during the trial of this action. It cannot be said that the denial of that branch of the defendant's motion resulted in a substantial possibility of injustice (*see York v York*, 98 AD3d 1038 [2012], *affd* 22 NY3d 1051 [2014]; *Taveras v Martin*, 54 AD3d 667, 668 [2008]; *see also Lieberman v Lieberman*, 112 AD3d 583, 584 [2013]).

The Supreme Court providently exercised its discretion in

granting that branch of the defendant's motion which was to allow a report prepared by a court-appointed forensic examiner to be released to an expert witness retained by the defendant. The plaintiff contends that the court should have denied that branch of the motion because the expert witness should have been precluded from testifying at trial as a result of the defendant's failure to timely disclose the identity of the expert witness pursuant to CPLR 3101 (d). However, because an adjournment of the trial ameliorated any prejudice to the plaintiff resulting from the belated disclosure, the court providently exercised its discretion in declining to preclude the expert witness from testifying at trial (*see Arcamone-Makinano v Britton Prop., Inc.,* 117 AD3d 889, 891 [2014]; *Burbige v Siben & Ferber,* 115 AD3d 632, 633 [2014]; *Barchella Contr. Co., Inc. v Cassone,* 88 AD3d 832 [2011]).

The defendant's remaining contentions are without merit. Mastro, J.P., Roman, Sgroi and Maltese, JJ., concur.