■ 425 East 26th Street Owners Corp., Respondent, v Laurel Beaton, Appellant, et al., Defendants. [10 NYS3d 127]—

In an action to foreclose a lien upon a cooperative apartment unit for the nonpayment of common charges, the defendant Laurel Beaton appeals from (1) a judgment of the Supreme Court, Kings County (Kurtz, J.), dated March 22, 2013, which, upon an order of the same court dated March 22, 2013, inter alia, granting the plaintiff's motion to confirm a referee's report dated November 27, 2012, and denying her cross motion to dismiss the complaint, awarded the plaintiff an attorney's fee and other damages in the principal sum of $97,447.28 and directed the foreclosure sale of the subject property pursuant to certain terms of sale, and (2) an order of the same court dated June 26, 2013, which granted the plaintiff's motion to amend the judgment dated March 22, 2013, by increasing the award in the principal sum of $97,447.28 to the sum of $117,335.32.

Cross motion by the plaintiff, inter alia, to dismiss the appeals from the judgment dated March 22, 2013, and the order dated June 26, 2013, on the ground that they have been rendered academic. By decision and order on motion of this

Court dated July 10, 2014, that branch of the cross motion was held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.

Upon the papers filed in support of the cross motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is

Ordered that the branch of the cross motion which is to dismiss the appeals is granted to the extent that the appeal from so much of the judgment as directed the foreclosure sale of the subject premises is dismissed as academic, and the cross motion is otherwise denied; and it is further,

Ordered that the appeal from the order dated June 26, 2013, is dismissed; and it is further,

Ordered that the judgment is affirmed insofar as reviewed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

It is the obligation of the appellant to assemble a proper record on appeal (*see Elgart v Berezovsky*, 123 AD3d 970, 971 [2014]; *Green Tree Credit, LLC v Jelks*, 120 AD3d 1300 [2014]; *Matter of Rose G. [Vincent G.]*, 120 AD3d 683, 684 [2014]; *Matter of George v Kings County Hosp. Ctr.*, 119 AD3d 569 [2014]). Here, the record filed by the appellant, the defendant Laurel Beaton, does not contain the papers constituting the plaintiff's motion seeking to amend the principal sum awarded to it in a judgment dated March 22, 2013, or any of the papers that were submitted in support of that motion. Since the record is inadequate to enable this Court to render an informed decision on the merits regarding the appeal relating to that motion, the appeal from the order dated June 26, 2013, which granted the plaintiff's motion to amend the judgment, must be dismissed (*see Elgart v Berezovsky*, 123 AD3d at 971; *Green Tree Credit, LLC v Jelks*, 120 AD3d at 1300; *Al-Shahrani v Hudson Auto Traders, Inc.*, 110 AD3d 749 [2013]; *Neunteufel v Nelnet Loan Servs., Inc.*, 104 AD3d 657, 657-658 [2013]).

In that branch of its cross motion which is to dismiss the appeal from the judgment, the plaintiff contends that Beaton's appeal is academic because, while the appeal was pending, the referee, as directed by the judgment, sold the property. The plaintiff, in its cross motion papers, has established that it purchased the property at the referee's sale and thereafter sold it to a third party. Beaton does not oppose this branch of the plaintiff's cross motion. The plaintiff is partially correct.

Where there is no notice of pendency, even a third-party

purchaser's actual knowledge of the pending appeal "is not legally significant" and "the owner's ability to transfer clear title to the disputed property remains unimpaired" (*Da Silva v Musso*, 76 NY2d 436, 438 [1990]; *see Aubrey Equities v Goldberg*, 247 AD2d 253 [1998]). Here, because Beaton did not demonstrate the existence of a valid notice of pendency, even if she were to establish her entitlement to all the relief she seeks in her appeal from the judgment, she would have to "content [her]self with the remedies afforded by CPLR 5523, i.e., restoration of the value or purchase price already paid, in the event of an appellate reversal" (*Da Silva v Musso*, 76 NY2d at 444; *see Matter of Huntington Hebrew Congregation of Huntington v Tanenbaum*, 62 AD3d 704, 704-705 [2009]; *405 44th St. Realty Co. v 168 Fortune Realty, Inc.*, 14 AD3d 481 [2005]; *see also Vigo v 501 Second St. Holding Corp.*, 121 AD3d 778, 779 [2014]). Accordingly, the appeal from so much of the judgment as directed the referee to sell the subject property at auction has been rendered academic by the subsequent sale of the property.

However, the judgment of foreclosure and sale in this case did not merely direct the sale of the subject property; instead, it also awarded the plaintiff an attorney's fee and damages for past due common charges, which were to be satisfied, at least in part, from the proceeds of the sale. Therefore, to the extent that Beaton appeals from so much of the judgment as awarded the plaintiff an attorney's fee and damages, the appeal is not academic (*see Vigo v 501 Second St. Holding Corp.*, 121 AD3d at 779). Accordingly, we grant the plaintiff's cross motion to dismiss the appeal from the judgment to the extent of dismissing Beaton's appeal from so much of the judgment as directed the referee to sell the subject property at auction, and otherwise deny the cross motion.

In this action to foreclose a lien for unpaid common charges on a cooperative apartment building, Beaton defaulted, and, on her previous appeal, this Court affirmed the denial of her motion to vacate that default (*see 425 E. 26th St. Owners Corp. v Beaton*, 50 AD3d 845, 845-846 [2008]). Thereafter, and in response to the plaintiff's motion to confirm the referee's report herein, Beaton cross-moved to dismiss the complaint. In an order dated March 22, 2013, the Supreme Court denied the cross motion. Beaton separately appealed from that order and, on the plaintiff's motion, this Court dismissed the appeal on the ground that the right of direct appeal therefrom terminated with the entry of the judgment (*see Matter of Aho*, 39 NY2d 241, 248 [1976]; *425 E. 26th St. Owners Corp. v Beaton*, 128

AD3d 766 [2015] [decided herewith]). However, the issues raised on the appeal from the March 22, 2013, order are brought up for review and have been considered herein on the appeal from the judgment (*see* CPLR 5501 [a] [1]).

The Supreme Court properly denied Beaton's cross motion to dismiss the complaint. By virtue of her default, Beaton is deemed to have admitted all factual allegations in the plaintiff's complaint, leaving only the question of damages (*see Mortgage Elec. Registration Sys., Inc. v Smith*, 111 AD3d 804, 806 [2013]; *Rawlings v Gillert*, 104 AD3d 929, 931 [2013]).

Furthermore, in its order dated March 22, 2013, the Supreme Court properly confirmed the referee's report dated November 27, 2012, and, on March 22, 2013, entered judgment upon the order. Contrary to Beaton's contentions, the record supported the referee's award of attorneys' fees to the plaintiff, and the referee and the Supreme Court properly took into consideration the objections that Beaton raised to the plaintiff's proof of its fees.

Beaton's remaining contentions are without merit. Rivera, J.P., Roman, Sgroi and Duffy, JJ., concur.