■ In the Matter of MARINE HOLDINGS, LLC, Doing Business as MARINE TERRACE ASSOCIATES, LLC, et al., Appellants, v NEW YORK CITY COMMISSION ON HUMAN RIGHTS, Respondent, et al., Respondent. [28 NYS3d 711]—

In a proceeding pursuant to the Administrative Code of the City of New York § 8-123 and CPLR article 78 to review a determination of the New York City Commission on Human Rights dated April 24, 2012, which found that the petitioners unlawfully discriminated against the complainant on the basis of a disability, awarded the complainant damages for mental anguish in the sum of $75,000, and imposed a civil penalty in the sum of $125,000, the petitioners appeal (1) from a decision of the Supreme Court, Queens County (Sampson, J.), dated March 14, 2013, and (2), as limited by their brief, from so much of a judgment of the same court dated December 11, 2013, as granted the petition only to the extent of reducing the award of damages for mental anguish from the sum of $75,000 to the sum of $60,000, and otherwise confirmed the determination, denied the petition, dismissed the proceeding, and granted the, in effect, cross petition of the New York City Commission on Human Rights to enforce the determination to the extent of directing enforcement of the determination as modified.

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509, 509-510 [1984]); and it is further,

Ordered that the judgment is reversed insofar as appealed from, on the law, the petition is granted in its entirety, the, in effect, cross petition is denied in its entirety, and the determination is annulled in its entirety; and it is further,

Ordered that one bill of costs is awarded to the petitioners.

The complainant filed a complaint with the New York City Commission on Human Rights (hereinafter the Commission), alleging that the petitioners, which owned and managed an apartment complex in which the complainant lived, had discriminated against the complainant on the basis of a disability by denying her request to install a handicapped acces-

sible entrance to her apartment. After a hearing, an administrative law judge found that the petitioners did not unlawfully discriminate against the complainant on the basis of a disability, as the petitioners had established that it would be structurally infeasible to install a handicapped accessible entrance to the complainant's apartment. In a determination dated April 24, 2012, the Commission rejected the finding of the administrative law judge, found that the petitioners unlawfully discriminated against the complainant on the basis of a disability, awarded the complainant damages for mental anguish in the sum of $75,000, and imposed a civil penalty in the sum of $125,000. The petitioners then commenced this proceeding pursuant to the Administrative Code of the City of New York § 8-123 and CPLR article 78 to review the Commission's determination. The Supreme Court granted the petition to the extent of reducing the award of damages for mental anguish from the sum of $75,000 to the sum of $60,000, but otherwise confirmed the determination, denied the petition, dismissed the proceeding, and granted the Commission's, in effect, cross petition to enforce the determination to the extent of directing enforcement of the determination as modified. The petitioners appeal.

Administrative Code of the City of New York § 8-107 (15) (a) requires certain "covered entit[ies]" to make "reasonable accommodation" to enable persons with disabilities to enjoy certain rights. "Reasonable accommodation" is defined as "such accommodation that can be made that shall not cause undue hardship in the conduct of the covered entity's business" (Administrative Code of City of NY § 8-102 [18]). In a proceeding to review a determination of the Commission finding that a covered entity unlawfully discriminated against a complainant, the Commission's finding "shall be conclusive if supported by substantial evidence on the record considered as a whole" (Administrative Code of City of NY § 8-123 [e]; *see Matter of ISS Action Sec. v New York City Commn. on Human Rights*, 114 AD3d 943, 944 [2014]; *Matter of Brooklyn Hosp. Med. Ctr. v DeLeon*, 208 AD2d 624 [1994]).

"Substantial evidence means such relevant proof as a reasonable mind may accept as adequate to support a conclusion or ultimate fact" (*Matter of Bottom v Annucci*, 26 NY3d 983, 984-985 [2015] [internal quotation marks omitted]). "More than seeming or imaginary, it is less than a preponderance of the evidence, overwhelming evidence or evidence beyond a reasonable doubt" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180-181 [1978]). "Essential attributes are

relevance and a probative character. Marked by its substance—its solid nature and ability to inspire confidence, substantial evidence does not rise from bare surmise, conjecture, speculation or rumor" (*id.* at 180 [citations omitted]). "A court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function and does not confirm a determination simply because it was made by such an agency" (*id.* at 181).

Here, the record did not contain any substantial evidence rebutting the petitioners' showing that it would be structurally infeasible to install a handicapped accessible entrance to the complainant's apartment (*see Matter of Schulman v State Div. of Human Rights*, 239 AD2d 588, 590 [1997]; *Matter of Concord Vil. Owners v City of N.Y. Commn. on Human Rights*, 199 AD2d 388, 389 [1993]; *Matter of State Div. of Human Rights v Fairway Apts. Corp.*, 39 AD2d 761, 761-762 [1972], *affd* 33 NY2d 754 [1973]). Accordingly, the petition should have been granted in its entirety, the determination should have been annulled in its entirety, and the Commission's, in effect, cross petition to enforce the determination should have been denied in its entirety. Leventhal, J.P., Dickerson, Roman and Maltese, JJ., concur.