PennyMac Corp., Respondent, v Jorge Chavez, Also Known as Jorge F. Chavez, et al., Appellants, et al., Defendants. [42 NYS3d 239]—

In an action to foreclose a mortgage, the defendants Jorge Chavez, also known as Jorge F. Chavez, and Margarita Chavez appeal, as limited by their brief, from (1) so much of an order of the Supreme Court, Nassau County (Adams, J.), entered July 13, 2015, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them and denied that branch of their cross motion which was for summary judgment dismissing the complaint insofar as asserted against them, and (2) so much of an order of the same court entered July 17, 2015, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against them.

Ordered that the appeal from so much of the order entered July 13, 2015, as granted the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants Jorge Chavez, also known as Jorge F. Chavez, and Margarita Chavez is dismissed, as that portion of the order was superseded by the order entered July 17, 2015; and it is further,

Ordered that the order entered July 13, 2015, is affirmed insofar as reviewed; and it is further,

Ordered that the order entered July 17, 2015, is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

In July 2013, the plaintiff commenced this action to foreclose a second consolidated mortgage executed by the defendants Jorge Chavez, also known as Jorge F. Chavez, and Margarita Chavez (hereinafter together the defendants). The defendants answered the complaint, raising the defense that the plaintiff lacked standing to commence the action. The plaintiff moved for summary judgment on the complaint insofar as asserted against the defendants and the defendants cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them on the ground that the plaintiff lacked standing. The Supreme Court granted the plaintiff's motion and denied that branch of the defendants' cross motion.

" 'Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default' " (*Deutsche Bank Natl. Trust Co. v*

*Brewton*, 142 AD3d 683, 684 [2016], quoting *Plaza Equities, LLC v Lamberti*, 118 AD3d 688, 689 [2014]). Further, where the defendants place standing in issue, the plaintiff must prove its standing in order to be entitled to relief (*see Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684; *Aurora Loan Servs., LLC v Taylor*, 114 AD3d 627, 628 [2014], *affd* 25 NY3d 355 [2015]; *Wells Fargo Bank Minn., N.A. v Mastropaolo*, 42 AD3d 239, 242 [2007]). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d 355, 361 [2015]; *Deutsche Bank Natl. Trust Co. v Brewton*, 142 AD3d at 684).

Here, the plaintiff produced the mortgage, the unpaid note, and evidence of default. In addition, it established its standing by demonstrating, through the affidavit of Kyra Schwartz, an employee of the attorneys for the plaintiff who stated that she received the note from the plaintiff in November 2011, and a stamped copy of the summons and complaint, that, at the time of the commencement of this action, it was in possession of the original, second consolidated note, endorsed in blank (*see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 361-362; *JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d 643, 645 [2016]; *JPMorgan Chase Bank, N.A. v Roseman*, 137 AD3d 1222, 1223 [2016]). Contrary to the defendants' contention, "[t]here is simply no requirement that an entity in possession of a negotiable instrument that has been endorsed in blank must establish how it came into possession of the instrument in order to be able to enforce it" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see* UCC 3-204 [2]). Contrary to the defendants' further contention, "it is unnecessary to give factual details of the delivery in order to establish that possession was obtained prior to a particular date" (*JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645; *see Aurora Loan Servs., LLC v Taylor*, 25 NY3d at 362).

In opposition, the defendants failed to raise a triable issue of fact.

The defendants' remaining contention, raised for the first time on appeal, is not properly before this Court (*see JPMorgan Chase Bank, N.A. v Weinberger*, 142 AD3d at 645).

Accordingly, the plaintiff's motion for summary judgment on the complaint insofar as asserted against the defendants was properly granted. For the same reasons, that branch of the defendants' cross motion which was for summary judgment dismissing the complaint insofar as asserted against them was properly denied. Hall, J.P., Sgroi, Barros and Connolly, JJ., concur.