■ In the Matter of CONGREGATION K'HAL TORATH CHAIM, INC., Petitioner, v ROCKLAND COUNTY BOARD OF HEALTH et al., Respondents. [50 NYS3d 456]—

Proceeding pursuant to CPLR article 78 to review a determination of the Commissioner of the Rockland County Department of Health dated November 13, 2013, which, in effect, adopted the findings and recommendations of a hearing officer of the Rockland County Department of Health dated October 14, 2013, made after a hearing, finding that the petitioner violated certain provisions of articles XI and XIII of the Rockland County Sanitary Code, and imposing a penalty, which proceeding was transferred to this Court by order of the Supreme Court, Rockland County (Garvey, J.), dated October 30, 2014.

Adjudged that the proceeding is dismissed, with costs.

" 'Judicial review of an administrative determination made after a hearing at which evidence is taken pursuant to direction of law is limited to a consideration of whether that determination was supported by substantial evidence upon the whole record' " (*Matter of Quirolo v Israel*, 130 AD3d 1042, 1043 [2015], quoting *Matter of Grimaldi v Gough*, 114 AD3d 679, 680 [2014]; *see* CPLR 7803 [4]). The concept of substantial evidence "involves a weighing of the quality and quantity of the proof" (*300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d 176, 180 [1978]). Thus, " '[a] court reviewing the substantiality of the evidence upon which an administrative agency has acted exercises a genuine judicial function' " (*Matter of Marine Holdings, LLC v New York City Commn. on Human Rights*, 137 AD3d 1284, 1286 [2016], quoting *300 Gramatan Ave. Assoc. v State Div. of Human Rights*, 45 NY2d at 181).

Where, as here, a petitioner in a proceeding pursuant to CPLR article 78 transferred to this Court pursuant to CPLR 7804 (g) has perfected using the full record method, it is the obligation of the petitioner to assemble a proper record (*see* Rules of App Div, 2d Dept [22 NYCRR] §§ 670.16, 670.9 [a]; 670.10.2 [b]; *see generally Matter of Lynch*, 98 AD3d 510, 511 [2012]; *Wen Zong Yu v Hua Fan*, 65 AD3d 1335, 1335 [2009]). Where a record is inadequate to enable this Court to render an informed decision on the merits, the proceeding must be dismissed (*see generally 425 E. 26th St. Owners Corp. v Beaton*,

128 AD3d 766 [2015]; *Matter of George v Kings County Hosp. Ctr.*, 119 AD3d 569 [2014]; *Al-Shahrani v Hudson Auto Traders, Inc.*, 110 AD3d 749 [2013]).

Here, the record assembled by the petitioner does not include the hearing transcript, thus preventing this Court from weighing the quality and quantity of the proof and rendering it unable to determine whether the challenged determination was supported by substantial evidence (*cf. Matter of Marine Holdings, LLC v New York City Commn. on Human Rights*, 137 AD3d at 1285-1286). As the record submitted is inadequate to enable this Court to render an informed decision on the merits, the proceeding must be dismissed (*see Matter of George v Kings County Hosp. Ctr.*, 119 AD3d 569 [2014]). Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.