U.S. Bank, Natl. Assn. v Cardenas (2018 NY Slip Op 02495)





U.S. Bank, Natl. Assn. v Cardenas


2018 NY Slip Op 02495


Decided on April 11, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 11, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
RUTH C. BALKIN
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-00959
 (Index No. 703082/14)

[*1]U.S. Bank, National Association, etc., respondent,
v
Doris Cardenas, appellant, et al., defendants.


Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi and Juan Paolo F. Dizon of counsel), for appellant.
Frenkel, Lambert, Weiss, Weisman & Gordon, LLP, Bay Shore, NY (Christopher P. Kohn of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Doris Cardenas appeals from an order of the Supreme Court, Queens County (Thomas D. Raffaele, J.), entered January 26, 2016. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Doris Cardenas and for an order of reference.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In November 2006, the defendant Doris Cardenas (hereinafter the defendant) executed a note in the sum of $445,200 in favor of "First Franklin, A Division of National City Bank" (hereinafter First Franklin Bank). The note was secured by a mortgage on residential property in South Richmond Hill, Queens. The defendant defaulted on the loan by failing to make the monthly installment payment due April 1, 2013. The mortgage was later assigned to the plaintiff. In May 2014, the plaintiff commenced this action to foreclose the mortgage. The defendant served an answer in which she asserted, among other things, the affirmative defense of lack of standing. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Abdan, 131 AD3d 1001, 1001 [internal quotation marks omitted]; see Hudson City Sav. Bank v Genuth, 148 AD3d 687). However, where a defendant places standing in issue, the plaintiff must prove its standing in order to be entitled to relief (see Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d 725; Wells Fargo Bank, N.A. v Arias, 121 AD3d 973, 973-974). A plaintiff has standing in a mortgage foreclosure action where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Deutsche Bank Trust Co. Ams. v Garrison, 147 AD3d at 726).
Here, the plaintiff produced the mortgage, the unpaid note, and evidence of the [*2]defendant's default. In addition, the plaintiff established, prima facie, its standing as the holder of the note at the time the action was commenced by submitting an affidavit of its attorneys' employee, who stated that the plaintiff's attorneys were in possession of the original note endorsed in blank since October 24, 2013, a date which was prior to the commencement of the action (see U.S. Bank N.A., v Ellis, 154 AD3d 710; U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1104; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). In opposition, the defendant failed to raise a triable issue of fact.
Accordingly, the Supreme Court properly granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
MASTRO, J.P., BALKIN, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court