US Bank Trust, N.A. v Williams (2019 NY Slip Op 00634)





US Bank Trust, N.A. v Williams


2019 NY Slip Op 00634


Decided on January 30, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 30, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
JOHN M. LEVENTHAL
JOSEPH J. MALTESE
VALERIE BRATHWAITE NELSON, JJ.


2016-06060
 (Index No. 502800-15)

[*1]US Bank Trust, N.A., etc., respondent, 
v
Una Williams, appellant, et al., defendants.


Una Williams, Brooklyn, NY, appellant pro se.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Una Williams appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated April 7, 2016. The order denied the motion of that defendant pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint for lack of standing and as barred by the statute of limitations.
ORDERED that the appeal from so much of the order as denied that branch of the motion which pursuant to CPLR 3211(a)(3) to dismiss the complaint for lack of standing is dismissed, without costs or disbursements; and it is further,
ORDERED that the order is affirmed insofar as reviewed, without costs or disbursements.
In March 2015, the plaintiff commenced this action to foreclose a mortgage alleging, inter alia, that the defendant Una Williams (hereinafter the defendant) had defaulted in her mortgage payment due July 1, 2006, and on all payments due thereafter. Thereafter, the defendant moved pursuant to CPLR 3211(a)(3) and (5) to dismiss the complaint for lack of standing and as barred by the statute of limitations. The Supreme Court denied the motion, and the defendant appeals.
"It is the obligation of the appellant to assemble a proper record on appeal" (JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d 801, 801; see Lee v Barnett, 134 AD3d 908, 910; Elgart v Berezovsky, 123 AD3d 970, 971; Green Tree Credit, LLC v Jelks, 120 AD3d 1300). The record filed by the defendant on this appeal does not contain any of the papers that were submitted by the plaintiff in opposition to the defendant's motion to dismiss, including an affidavit, referred to by the Supreme Court as the "Modlin Affidavit," which the court found "sufficient to demonstrate that Plaintiff's agent was in possession of the note on its behalf prior to filing this case," and upon which the court based its finding that the plaintiff had standing. Since the record is inadequate to enable this Court to render an informed decision on the merits regarding so much of the appeal as relates to the issue of standing, so much of the appeal as relates to that issue must be dismissed (see JR Factors, Inc. v Astoria Equities, Inc., 159 AD3d at 802; Elgart v Berezovsky, 123 AD3d at 971; Green Tree Credit, LLC v Jelks, 120 AD3d at 1300-1301).
As to that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the applicable six-year statute of limitations (see CPLR 213[4]), "[w]ith respect to a mortgage payable in installments, separate causes of action accrue[ ] [*2]for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due" (Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982; see U.S. Bank N.A. v Gordon, 158 AD3d 832, 835; Wells Fargo Bank, N.A. v Cohen, 80 AD3d 753, 754). However, "even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605; see U.S. Bank N.A. v Gordon, 158 AD3d at 835; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982). "Where the acceleration of the maturity of a mortgage debt on default is made optional with the holder of the note and mortgage, some affirmative action must be taken evidencing the holder's election to take advantage of the accelerating provision, and until such action has been taken the provision has no operation" (Wells Fargo Bank, N.A. v Burke, 94 AD3d at 982-983; see U.S. Bank N.A. v Gordon, 158 AD3d at 835; Esther M. Mertz Trust v Fox Meadow Partners, 288 AD2d 338, 340). "[U]nder certain circumstances, the commencement of a foreclosure action may be sufficient to put the borrower on notice that the option to accelerate the debt has been exercised" (U.S. Bank N.A. v Gordon, 158 AD3d at 836; see Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Smith, 18 AD3d 602, 603).
Here, the defendant contended that the commencement of a prior mortgage foreclosure action by HSBC Mortgage Services Inc. (hereinafter HSBC), in November 2006 was sufficient to accelerate the mortgage debt. However, in support of her motion, the defendant submitted a copy of an amended order of the Supreme Court dated September 30, 2014, which granted the defendant's motion to dismiss the prior mortgage foreclosure action on the ground that HSBC did not have standing to commence that action because it was not the holder of the note and mortgage at the time that action was commenced. Since HSBC was not the holder of the note and mortgage at the time of the commencement of the prior mortgage foreclosure action, it lacked the authority to accelerate the debt through the complaint in that action (see Milone v US Bank National Association, 164 AD3d 145; U.S. Bank N.A. v Gordon, 158 AD3d at 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d at 983; EMC Mtge. Corp. v Smith, 18 AD3d at 603). Thus, the defendant failed to meet her initial burden of demonstrating, prima facie, that this action was untimely (see U.S. Bank N.A. v Gordon, 158 AD3d at 835-836; Campone v Panos, 142 AD3d 1126, 1127).
Accordingly, we agree with the Supreme Court's determination to deny that branch of the defendant's motion which was pursuant to CPLR 3211(a)(5) to dismiss the complaint as barred by the statute of limitations.
SCHEINKMAN, P.J., LEVENTHAL, MALTESE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court