Halfon v U.S. Bank, Natl. Assn. (2019 NY Slip Op 00860)





Halfon v U.S. Bank, Natl. Assn.


2019 NY Slip Op 00860


Decided on February 6, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 6, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SHERI S. ROMAN
JOSEPH J. MALTESE
LINDA CHRISTOPHER, JJ.


2016-03378
 (Index No. 505979/15)

[*1]Jennifer Halfon, respondent, 
v
U.S. Bank, National Association, etc., et al., appellants.


Houser & Allison, APC, New York, NY (Danielle P. Light and Michael Eskenazi of counsel), for appellants.
Arnold Joel Ludwig, Brooklyn, NY, for respondent.



DECISION & ORDER
In an action to cancel and discharge of record a mortgage, the defendants appeal from an order of the Supreme Court, Kings County (Karen B. Rothenberg, J.), dated March 15, 2016. The order granted the plaintiff's motion for summary judgment on the complaint and directed the Kings County Clerk to cancel and discharge the subject mortgage.
ORDERED that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the complaint is denied.
In August 2006, the plaintiff obtained a loan from GFI Mortgage Bankers, Inc. (hereinafter GFI), which was secured by a mortgage on real property located in Brooklyn. In October 2008, nonparty Greenpoint Mortgage Funding, Inc. (hereinafter Greenpoint), commenced an action to foreclose the mortgage (hereinafter the 2008 foreclosure action). In November 2013, the Supreme Court denied Greenpoint's motion for summary judgment on the complaint and for an order of reference and granted the plaintiff's cross motion to dismiss the 2008 foreclosure action.
In May 2015, the plaintiff commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the subject mortgage. The plaintiff moved for summary judgment on the complaint and the defendants opposed the motion. In an order dated March 15, 2016, the Supreme Court granted the plaintiff's motion for summary judgment on the complaint and directed the Kings County Clerk to cancel and discharge the mortgage. The defendants appeal.
Pursuant to RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see Lubonty v US Bank N.A., 159 AD3d 962). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v US Bank N.A., 159 AD3d at 962; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (Lubonty v US Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, the plaintiff met her prima facie burden of demonstrating her entitlement to judgment as a matter of law on the complaint by establishing that the 2008 foreclosure action accelerated the mortgage debt and that the commencement of a new foreclosure action would be time-barred by the applicable six-year statute of limitations (see U.S. Bank N.A. v Martin, 144 AD3d 891, 891; Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d at 98; JBR Constr. Corp. v Staples, 71 AD3d 952, 953). Thus, the burden shifted to the defendants to raise a triable issue of fact.
The defendants raised a triable issue of fact as to whether Greenpoint had standing to commence the 2008 foreclosure action and, therefore, whether the service of the 2008 complaint was effective to constitute a valid exercise of the option to accelerate the debt (see US Bank Trust, N.A. v Williams, ___ AD3d ___, 2019 NY Slip Op 00634 [2d Dept 2019]; DLJ Mtge. Capital, Inc. v Hirsh, 161 AD3d 944, 945; U.S. Bank N.A. v Gordon, 158 AD3d 832, 836; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 983). The affidavits submitted by the defendants were sufficient to raise a triable issue of fact as to whether the note was physically delivered to the defendant U.S. Bank, National Association (hereinafter US Bank), on September 27, 2006, two years before US Bank's assignor, Greenpoint, commenced the 2008 foreclosure action (see CPLR 4518[a]; Matter of Leon RR, 48 NY2d 117, 122; Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007; Wells Fargo Bank, N.A. v Gallagher, 137 AD3d 898, 900; see also UCC 3-204[2]; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645; Deutsche Bank Natl. Trust Co. v Monica, 131 AD3d 737, 739; Deutsche Bank Trust Co. Ams. v Vitellas, 131 AD3d 52, 55-56, 60-61).
Accordingly, the Supreme Court should have denied the plaintiff's motion for summary judgment on the complaint.
In light of our determination, we need not address the defendants' remaining contentions.
DILLON, J.P., ROMAN, MALTESE and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court