Nationstar Mtge., LLC v Danzig (2019 NY Slip Op 04709)





Nationstar Mtge., LLC v Danzig


2019 NY Slip Op 04709


Decided on June 12, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 12, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2017-11568
 (Index No. 3995/14)

[*1]Nationstar Mortgage, LLC, respondent, 
v
Linda Ann Danzig, etc., appellant, et al., defendants. IM Law Group, P.C., Cedarhurst, NY (Igor Meystelman of counsel), for appellant.


Sandelands Eyet LLP, New York, NY (Laurence P. Chirch and Ashley L. Rose of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Linda Ann Danzig appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), dated September 13, 2017. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the defendant Linda Ann Danzig and to appoint a referee to compute the amount due to the plaintiff, and denied that branch of that defendant's cross motion which was, in effect, pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against her for lack of standing.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On April 22, 2014, the plaintiff commenced this action against, among others, Gloria Danzig to foreclose a mortgage given by her on certain real property in Nassau County. Gloria Danzig had transferred her interest in the property to Linda Ann Danzig (hereinafter the appellant) and others after the execution of the note. On September 30, 2016, the Supreme Court granted the plaintiff's motion for leave to file an amended complaint, inter alia, so as to add the appellant as a defendant. The action was discontinued against Gloria Danzig, who had died after the commencement of the action. The appellant answered the amended complaint and asserted, inter alia, the affirmative defense that the plaintiff lacked standing.
The plaintiff thereafter moved, inter alia, for summary judgment on the amended complaint insofar as asserted against the appellant and to appoint a referee to compute the amount
due to the plaintiff. The appellant cross-moved, inter alia, in effect, pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against her for lack of standing. In the order appealed from, the Supreme Court, among other things, granted those branches of the plaintiff's motion and denied that branch of the appellant's cross motion.
Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126). Moreover, where, as here, standing is placed in issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief (see id.; US Bank N.A. v Nelson, 169 AD3d 110). A plaintiff in a mortgage foreclosure action has standing where it is the holder or assignee of the underlying note at the time the action is commenced (see Aurora Loan Servs., LLC v Taylor, 25 NY3d 355, 361-362; Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126).
Here, the plaintiff produced the mortgage, the unpaid note, and evidence of the default in repayment of the loan. The plaintiff also established, prima facie, its standing to commence this action by demonstrating that it had physical possession of the original note, endorsed in blank, at the time the action was commenced (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126; U.S. Bank N.A. v Cruz, 147 AD3d 1103, 1104; PennyMac Corp. v Chavez, 144 AD3d 1006, 1007). Contrary to the appellant's contention, an entity in possession of a negotiable instrument that has been endorsed in blank is not required to establish how it came into possession of the instrument in order to be able to enforce it (see UCC 3-204[2]; PennyMac Corp. v Chavez, 144 AD3d at 1007; JPMorgan Chase Bank, N.A. v Weinberger, 142 AD3d 643, 645). Further, the plaintiff was not required to give factual details of the delivery of the note in order to establish that possession was obtained prior to a particular date (see Wells Fargo Bank, N.A. v Heiney, 168 AD3d 1126; PennyMac Corp. v Chavez, 144 AD3d at 1007).
In opposition, the appellant failed to raise a triable issue of fact as to the plaintiff's standing. Furthermore, contrary to the appellant's contention, she failed to raise a triable issue of fact as to "a bona fide defense to the action," such as "bad faith, fraud or oppressive or unconscionable conduct on the part of the plaintiff" (U.S. Bank Natl. Assn. TR U/S 6/01/98 [Home Equity Loan Trust 1998-2] v Alvarez, 49 AD3d 711, 711). In that respect, it is purely speculative to conclude from Gloria Danzig's age and income at the time she obtained the loan, without more, that she was the victim of predatory or fraudulent conduct. Further, the appellant did not demonstrate that discovery might lead to relevant evidence on this issue, and there was no basis for denying the plaintiff's motion as premature (see Skura v Wojtlowski, 165 AD3d 1196, 1200; Rugoo v Leary, 110 AD3d 781, 783).
Accordingly, we agree with the Supreme Court's determination granting those branches of the plaintiff's motion which were for summary judgment on the amended complaint insofar as asserted against the appellant and to appoint a referee, and denying that branch of the appellant's cross motion which was, in effect, pursuant to CPLR 3211(a)(3) to dismiss the amended complaint insofar as asserted against her for lack of standing.
MASTRO, J.P., CHAMBERS, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court