Honghui Kuang v MetLife (2021 NY Slip Op 04908)





Honghui Kuang v MetLife


2021 NY Slip Op 04908


Decided on September 1, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 1, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON
LARA J. GENOVESI, JJ.


2019-00667
 (Index No. 13073/13)

[*1]Honghui Kuang, plaintiff/counterclaim defendant- appellant, 
v
MetLife, defendant; Metropolitan Life Insurance Company, counterclaim plaintiff; Hong Xing Yang, et al., additional counterclaim defendants-respondents.


Honghui Kuang, New York, NY, plaintiff/counterclaim defendant-appellant pro se.
Eric Dinnocenzo, New York, NY, for additional counterclaim defendants-respondents.



DECISION & ORDER
In an action to recover the proceeds of a life insurance policy, the plaintiff/counterclaim defendant appeals from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered October 11, 2018. The order granted the motion of the additional counterclaim defendants to disburse the proceeds of the subject life insurance policy to them.
ORDERED that the order is affirmed, with costs.
In 2004, Hong Guang Yang (hereinafter the decedent) obtained a life insurance policy from Metropolitan Life Insurance Company (hereinafter Metropolitan). The decedent designated his then-girlfriend, the plaintiff/counterclaim defendant (hereinafter the plaintiff), as a 50% beneficiary, and his siblings, the additional counterclaim defendants, Hong Xing Yang and Xiao Ming Yang (hereinafter together the Yangs), each as a 25% beneficiary. During the decedent's lifetime, Metropolitan received forms purportedly signed by the decedent, changing the beneficiary designation solely to the plaintiff and giving her ownership of the policy. Before he died, the decedent sent an affidavit to Metropolitan, attesting that he never authorized any modifications to his policy, and he also testified under oath that he did not authorize the changes to the policy and his intent was that the Yangs receive the entire proceeds of the policy.
After the decedent's death, the plaintiff commenced this action against Metropolitan to recover the proceeds of the policy. Metropolitan interposed counterclaims against the plaintiff and the Yangs, who were named as additional counterclaim defendants. The Yangs asserted "cross claims" against the plaintiff, alleging that the plaintiff had fraudulently changed the policy's beneficiary and owner to herself, and sought, inter alia, a judgment declaring that they are entitled to the full proceeds of the decedent's life insurance policy and that the plaintiff had no rights to the policy or proceeds, and directing payment of the full policy proceeds to them. The plaintiff failed to answer the cross claims, and the Supreme Court subsequently granted the Yangs' motion for leave to enter a default judgment against the plaintiff on their cross claims.
Discovery in the action could not proceed because of the plaintiff's willful and contumacious conduct in trying to frustrate the discovery process. As a result of the plaintiff's conduct, in an order entered July13, 2016, the Supreme Court, inter alia, granted that branch of the Yangs' motion which was pursuant to CPLR 3126 to strike the complaint to the extent of precluding the plaintiff from offering testimony at trial. On a prior appeal, this Court modified the order entered July 13, 2016, by granting that branch of the Yangs' motion which was to strike the plaintiff's complaint in its entirety (see Honghui Kuang v MetLife, 159 AD3d 878).
The Yangs then moved to have the proceeds of the subject policy, which were on deposit with the Supreme Court, distributed to them. In an order entered October 11, 2018, the Supreme Court granted the motion and directed the disbursement of the proceeds to the Yangs. The plaintiff appeals.
On appeal from the October 11, 2018 order, the plaintiff seeks to argue the merits of the complaint and the Yangs' cross claims against her. The complaint, however, was stricken, and a default judgment was entered on the Yangs' cross claims. Having failed to move to vacate her default on the cross claims, the plaintiff is deemed to have admitted all factual allegations contained therein (see Bank of N.Y. Mellon Trust Co. v Loodus, 160 AD3d 797, 798; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 769). Consequently, her arguments are not properly before this Court and the order is affirmed.
MASTRO, J.P., DUFFY, BRATHWAITE NELSON and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court