Matter of Progressive Specialty Ins. Co. v Seng Jin Jang (2022 NY Slip Op 06930)

Matter of Progressive Specialty Ins. Co. v Seng Jin Jang

2022 NY Slip Op 06930

Decided on December 7, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 7, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2020-02936
 (Index No. 706316/19)

[*1]In the Matter of Progressive Specialty Insurance Company, respondent, 
v
Seng Jin Jang, appellant.

Law Offices of Andrew Park, P.C., New York, NY (Jusun Yook of counsel), for appellant.
Jennifer S. Adams, Yonkers, NY (Michael A. Zarkower of counsel), for respondent.

DECISION & ORDER
In a proceeding pursuant to CPLR article 75 to permanently stay arbitration of a claim for supplemental uninsured/underinsured motorist benefits, Seng Jin Jang appeals from an order of the Supreme Court, Queens County (Ulysses B. Leverett, J.), entered February 28, 2020. The order denied Seng Jin Jang's motion for leave to renew and reargue his opposition to the petition, which, after a framed-issue hearing, had been granted in an order of the same court entered October 23, 2019.
ORDERED that the appeal is dismissed, without costs or disbursements.
It is the obligation of the appellant to assemble a proper record on appeal (see Lee v Barnett, 134 AD3d 908, 910; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767). An appellant's record must contain all of the relevant papers that were before the Supreme Court (see CPLR 5526; Aurora Indus., Inc. v Halwani, 102 AD3d 900, 901; Fernald v Vinci, 13 AD3d 333). Here, the record compiled by the appellant does not include the transcript of the framed-issue hearing or the majority of the papers submitted in support of, and in opposition to, the petition to permanently stay arbitration of the appellant's claim for supplemental uninsured/underinsured motorist benefits. Therefore, the record is inadequate to allow this Court to render an informed decision pertaining to the February 28, 2020 order. Accordingly, dismissal of the appeal is the appropriate disposition (see Eleven Stars, LLC v Central Baptist Church, 206 AD3d 884; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d at 767; Aurora Indus., Inc. v Halwani, 102 AD3d at 901).
DILLON, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court