■ Grace Amonbea, Respondent-Appellant, v Perry Beverage Distributors, Inc., et al., Appellants-Respondents, et al.,

Defendants. [741 NYS2d 879] —Order, Supreme Court, Bronx County (Gerald Esposito, J.), entered on or about February 7, 2001, which set aside, as excessive, a jury verdict of $7,077,000, consisting of $4 million for future medical expenses, $77,000 and $1.5 million for past and future lost earnings, respectively, and $200,000 and $1.3 million for past and future pain and suffering, respectively, and directed a new trial on damages unless plaintiff stipulated to reduced awards of $100,000 for future medical expenses, $500,000 for future lost earnings, and $100,000 and $500,000 for past and future pain and suffering, respectively, unanimously modified, on the facts, to increase the amounts to which plaintiff must stipulate to avoid a new trial to $200,000 and $750,000 for past and future pain and suffering, respectively, and otherwise affirmed, without costs.

In a May 1996 car accident, the 40-year-old plaintiff, a per diem nurse's aide, sustained four herniated discs that are permanent and painful. Under the circumstances, the awards for past and future pain and suffering, as reduced by the trial court, are inadequate, and we accordingly modify as indicated above (cf., Skow v Jones, Lang & Wooton Corp., 240 AD2d 194, lv denied 94 NY2d 758). The award for future medical expenses, as reduced, is in accord with the weight of the evidence and does not deviate materially from what is reasonable compensation under these circumstances (cf., Mangiafridda v Mahyedin, 248 AD2d 200). We have considered the parties' arguments concerning other aspects of the award, including the trial court's implicit calculation of future lost earnings on the basis that plaintiff would have become a full-time employee but would not have become a licensed practical nurse, and find them unavailing. Concur—Nardelli, J.P., Saxe, Ellerin, Wallach and Lerner, JJ.