■ MARY WIMBISH, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [759 NYS2d 879] —In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Schneier, J.), entered March 25, 2002, which, upon a jury verdict, is in favor of the plaintiff and against them in the principal sum of $300,000 for past pain and suffering and $500,000 for future pain and suffering.

Ordered that the judgment is affirmed, with costs.

On September 13, 1993, the plaintiff was in her automobile waiting to make a left turn at an intersection when her vehicle was hit from behind and then sideswiped by a bus. As a result, she sustained herniated discs at levels C3-4, C4-5, and C5-6. The plaintiff commenced this action against the New York City Transit Authority (hereinafter the Transit Authority) and the bus driver. After a jury trial, the plaintiff was awarded $300,000 for past pain and suffering and $500,000 for future pain and suffering.

Contrary to the defendants' contention, the trial court properly admitted an internal memorandum prepared by the Transit Authority that provided a description of the accident and concluded that the damage to the vehicles was consistent with the plaintiff's version of the accident. The memorandum was not an internal rule, and did not refer to violations of any internal rules that imposed a duty of care on the Transit Authority greater than that required by common law (*cf. Rivera v New York City Tr. Auth.*, 77 NY2d 322, 329 [1991]; *Crosland v New York City Tr. Auth.*, 68 NY2d 165, 168-169 [1986]; *Lesser v Manhattan & Bronx Surface Tr. Operating Auth.*, 157 AD2d 352, 356 [1990] , *affd sub nom. Fishman v Manhattan & Bronx Surface Tr. Operating Auth.*, 79 NY2d 1031 [1992]; *Ramirez v Manhattan & Bronx Surface Tr. Operating Auth.*, 258 AD2d 326, 327 [1999]).

The damage awards were not excessive. Florio, J.P., Feuerstein, Friedmann and Crane, JJ., concur.