■ EVELYN V. HANLON, Appellant, v C.M. CAMPISI et al., Respondents. [856 NYS2d 136]—

The plaintiff commenced the present action, alleging that the rotator cuff tear which she sustained was proximately caused by the negligence of the defendants in causing the subject motor vehicle accident. During the course of discovery, the defendants produced an affirmed medical report prepared by Dr. David Benatar, who examined the plaintiff on behalf of the defendants and concluded that the subject motor vehicle accident was "the causative factor for [the plaintiff's] right shoulder complaints."

At trial, the defendants' expert radiologist, their only witness, testified that the plaintiff's rotator cuff tear was degenerative in nature. After the expert concluded her testimony, the defendants rested their case. Thereafter, at an off-the-record precharge conference, the plaintiff's attorney requested a missing witness charge with regard to Benatar, whom the defendants did not call to testify at trial. The Supreme Court denied the application.

Under the circumstances of this case, the plaintiff's request for a missing witness charge was promptly made (*see Dukes v Rotem*, 191 AD2d 35 [1993]; *Trainor v Oasis Roller World*, 151 AD2d 323 [1989]; *see also Follett v Thompson*, 171 AD2d 777 [1991]) and therefore was not untimely. Turning to the merits, "[w]hen a doctor who examines an injured plaintiff on the defendant's behalf does not testify at trial, an inference generally arises that the testimony of such witness would be unfavorable to the defendant. The defendant may defeat this inference by demonstrating that the testimony would be merely cumulative, the witness was unavailable or not under the defendant's control, or the witness would address matters not in dispute" (*Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449 [2007]). Here, the defendants failed to defeat the inference. Therefore, the plaintiff is entitled to a new trial on the issue of damages, including the issue of serious injury.

The parties' remaining contentions are without merit. Rivera, J.P., Skelos, Santucci and Leventhal, JJ., concur.