LEO F. TAVERAS et al., Plaintiffs, and DOMINGO TAVERAS, Appellant, v PAUL R. MARTIN, JR., Respondent. [863 NYS2d 475]—

In an action to recover damages for personal injuries, the plaintiff Domingo Taveras appeals from a judgment of the Supreme Court, Nassau County (Brandveen, J.), dated July 10, 2006, which, upon a jury verdict, is in favor of the defendant and against him, in effect, dismissing the complaint insofar as asserted by him.

Ordered that the judgment is affirmed, with costs.

On November 18, 2003 the appellant and the plaintiff Juan Rodriguez were passengers in a vehicle operated by the plaintiff Leo F. Taveras, the appellant's brother, that collided with a vehicle owned and operated by the defendant at the intersection of North Jerusalem Road and Oakfield Avenue in North Bellmore. The defendant's wife was a passenger in his vehicle at the time of the accident.

After a trial on the issue of liability, the jury returned a verdict in favor of the defendant.

Contrary to the appellant's contention, he was not prejudiced by the testimony of the defendant's wife. Although she had not previously been identified as a witness, her testimony was cumulative and did not contradict the defendant's testimony (*cf. Smith v Saviolis*, 136 AD2d 621 [1988]).

The Supreme Court did not err in granting the defendant's request for a missing-witness charge for Leo F. Taveras. A party seeking a missing-witness charge must "promptly notify the court that there is an uncalled witness believed to be knowledgeable about a material issue pending in the case, that such witness can be expected to testify favorably to the opposing party and that such party has failed to call him to testify" (*People v Gonzalez,* 68 NY2d 424, 427 [1986]). As the party opposing the missing-witness charge, the appellant failed to demonstrate that Leo F. Taveras was "unavailable, not under [his] control, or that [his] testimony would be cumulative" (*Adkins v Queens Van-Plan,* 293 AD2d 503, 504 [2002]). Leo F. Taveras was the operator of the vehicle in which the appellant was a passenger and he is also the appellant's brother. Thus, it is clear that Leo F. Taveras is favorably disposed to the appellant and under his control (*see People v Marsalis,* 22 AD3d 866, 868-869 [2005]). The appellant failed to demonstrate that Leo F. Taveras remained ill after his hospital release or was otherwise unavailable (*compare People v Turner,* 294 AD2d 192 [2002]).

The court did not improvidently exercise its discretion in denying the appellant's request for a mistrial. Upon a review of the record, it cannot be said that the denial of the plaintiff's application for a mistrial resulted in a " 'substantial possibility of injustice' " (*Cohn v Meyers,* 125 AD2d 524, 527 [1986], quoting *Halstead v Sanky,* 48 Misc 2d 586, 588 [1965]; *see Frankson v Philip Morris Inc.,* 31 AD3d 372, 373 [2006]).

The appellant's remaining contention is unpreserved for appellate review (*see Kay Found. v S & F Towing Serv. of Staten Is., Inc.,* 31 AD3d 499, 501 [2006]). Spolzino, J.P., Santucci, Eng and Leventhal, JJ., concur.