MICHAEL LAURO, Respondent-Appellant, v CITY OF NEW YORK et al., Appellants-Respondents. [889 NYS2d 215]—

In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of a judgment of the Supreme Court, Queens County (Dollard, J.),

entered April 21, 2008, as, upon so much of a jury verdict as awarded the plaintiff the principal sums of $160,000 for past pain and suffering and $650,000 for future pain and suffering, and upon so much of an order of the same court dated December 11, 2007, as denied that branch of their motion pursuant to CPLR 4404 which was to set aside the damages awards for past and future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $830,000, and the plaintiff cross-appeals, as limited by his brief, from so much of the same judgment as, upon so much of the order dated December 11, 2007, as granted that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside so much of the jury verdict as awarded him the principal sum of $1,200,000 for future loss of earnings, is in favor of the defendants and against him, in effect, dismissing the demand for damages for future loss of earnings.

Ordered that the judgment is modified, on the law, by deleting the provision thereof, in effect, dismissing the demand for damages for future loss of earnings; as so modified, the judgment is affirmed insofar as appealed and cross-appealed from, with costs to the plaintiff, that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside so much of the jury verdict as awarded the plaintiff the principal sum of $1,200,000 for future loss of earnings is denied, the order dated December 11, 2007, is modified accordingly, so much of the jury verdict as awarded the plaintiff the principal sum of $1,200,000 for future loss of earnings is reinstated, and the matter is remitted to the Supreme Court, Queens County, for the entry of an appropriate amended judgment.

The plaintiff was involved in two accidents relevant to this appeal and cross appeal. On November 17, 1989 he sustained an injury in a car accident while performing his duties as a New York City Police Officer, and on April 13, 2003 he slipped and fell in a police department building and injured his ribs and his back. The plaintiff brought this action to recover damages resulting from the 2003 slip and fall accident.

The Supreme Court granted that branch of the defendants' motion pursuant to CPLR 4404 which was to set aside so much of the jury verdict as awarded the plaintiff the principal sum of $1,200,000 for future loss of earnings and, in effect, dismissed the plaintiff's demand for damages for future loss of earnings. It reasoned that collateral estoppel applied to bar the plaintiff from recovering damages for future loss of earnings due to an administrative determination of the relevant medical board, which found, inter alia, that "[t]he competent causal factor [of

the plaintiff's disability was] the line of duty injury of November 17, 1989."

The plaintiff contends that he should not have been collaterally estopped from seeking damages for future loss of earnings. We agree. Collateral estoppel has been held to apply to administrative as well as judicial proceedings (*see Matter of Palm Mgt. Corp. v Goldstein*, 29 AD3d 801 [2006], *affd on other grounds* 8 NY3d 337 [2007]; *Jenkins v Meredith Ave. Assoc.*, 238 AD2d 477 [1997]). Under the circumstances of this case, however, collateral estoppel should not be applied because, inter alia, it was not established that in the initial proceeding the plaintiff had a full and fair opportunity to litigate the issue of the extent to which his injuries were caused by the 1989 accident and the extent to which they were caused by the 2003 accident (*see Jenkins v Meredith Ave. Assoc.*, 238 AD2d 477 [1997]). Accordingly, the Supreme Court should not have set aside so much of the jury verdict as awarded the plaintiff the principal sum of $1,200,000 for future loss of earnings.

Additionally, contrary to the defendants' contentions, the Supreme Court properly gave a missing witness instruction (*see Taveras v Martin*, 54 AD3d 667 [2008]; *Brown v City of New York*, 50 AD3d 937 [2008]). " '[W]hen a doctor who examines an injured plaintiff on the defendant's behalf does not testify at trial, an inference generally arises that the testimony of such witness would be unfavorable to the defendant. The defendant may defeat this inference by demonstrating that the testimony would be merely cumulative, the witness was unavailable or not under the defendant's control, or the witness would address matters not in dispute' " (*Hanlon v Campisi*, 49 AD3d 603, 604 [2008], quoting *Brooks v Judlau Contr., Inc.*, 39 AD3d 447, 449 [2007], *revd* 11 NY3d 204 [2008]). Here, the defendants failed to defeat the inference (*see Taveras v Martin*, 54 AD3d 667 [2008]; *Brown v City of New York*, 50 AD3d 937 [2008]).

The award of damages for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501; *Wimbish v New York City Tr. Auth.*, 305 AD2d 586 [2003]). Mastro, J.P., Miller, Angiolillo and Austin, JJ., concur.