*504 Judgment, Supreme Court, Bronx County (Howard H. Sherman, J.), entered March 30, 2011, after a jury verdict in favor of plaintiff Cornelius James, inter alia, apportioning liability at 80% to defendants Ann Farhood and Nicholas Farhood (collectively Farhood) and 20% to defendant Garfield Huguley and awarding James the principal amounts of $300,000 for past pain and suffering, $500,000 for future pain and suffering over 30 years and $295,000 in future medical expenses, unanimously modified, on the law, to reduce the award for future medical expenses to $245,000, and otherwise affirmed, without costs. Order, same court and Justice, entered March 24, 2011, which, to the extent appealable, denied Farhood’s motion to set aside the jury verdict awarding plaintiff Anwar Mian the principal amounts of $200,000 for past pain and suffering and $300,000 for future pain and suffering over 10 years, or, in the alternative to reapportion liability and/or to reduce the award of damages, unanimously affirmed.
The apportionment of liability of 80% to Farhood and 20% to Huguley was appropriate. Where there are numerous inconsistences as to how an accident occurred, it is the jury which is in the best position to evaluate the credibility of the witnesses (see Skibola v Structure-Tone, Inc., 16 AD3d 238 [2005]). Moreover, the jury’s resolution of issues of credibility is entitled to deference (see Cikoja v Elstein, 81 AD3d 515 [2011]).
Here, notwithstanding the testimony of the nonparty witness, who confirmed Farhood’s version of the accident and blamed Huguley, the jury could have considered other evidence in finding Farhood primarily at fault. Following its contact with Huguley’s vehicle, Farhood’s vehicle left the road, continued to travel for 15 to 20 yards, and crossed the sidewalk before striking pedestrian James, and then striking Mian, who was sitting in a grassy area behind the sidewalk. Moreover, Farhood failed to produce photographs he took at the scene or call any of his passengers as witnesses. Thus, the jury could have reasonably concluded that Farhood was speeding and not in control of his vehicle at the time of the accident.
Farhood’s challenge to the testimony of Mian’s treating physician concerning the results of an EMG performed on Mian by another physician is unpreserved. The initial objection to the testimony was waived when Farhood consented to entering the records of that second physician, which included the EMG, into evidence.
James suffered herniations and bulges to all three spinal regions (cervical, thoracic and lumbar) resulting in both upper and lower radiculopthy. Thus, the jury’s awards for past and *505 future pain and suffering were not excessive (see Spetter v Alliance Towing Corp., 58 AD3d 424 [2009]; Sanabia v 718 W. 178th St., LLC, 49 AD3d 426 [2008]; Amonbea v Perry Beverage Distribs., 294 AD2d 285 [2002]).
Mian suffered multiple herniations and bulges to the spine, resulting in both upper and lower radiculopthy. Mian also suffered a full tear to his, supraspinous tendon requiring surgical repair, which could not be performed due to Mian’s heart condition. Mian testified that he can no longer work and that his wife must help him with basic hygiene and dressing. Accordingly, the awards for past and future pain and suffering did not deviate materially from what would be reasonable compensation (see e.g. Spetter at 424; Amonbea at 285; Guillory v Nautilus Real Estate, 208 AD2d 336 [1995], appeal dismissed and lv denied 86 NY2d 881 [1995]).
James’ award for future medical expenses must be reduced by $50,000 to $245,000 by operation of Insurance Law § 5104 (a) (see Lloyd v Russo, 273 AD2d 359, 360 [2000]). Concur — Saxe, J.P., Catterson, Acosta, DeGrasse and Richter, JJ.