In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Ruchelsman, J.), dated December .15, 2011, which denied his motion pursuant to CFLR 4404 (a) to set aside a verdict on the issue of damages awarding him the sums of only $17,000 for past lost earnings and only $5,000 for future lost earnings over 10 years, inter alia, as contrary to the weight of the evidence and inadequate.
Ordered that the order is affirmed, with costs.
*903 The plaintiff commenced this action to recover damages for personal injuries after he slipped and fell on a sidewalk maintained by the defendant Bywise Holding, LLC (hereinafter Bywise). After a jury trial on the issue of damages for past and future loss of earnings, the jury awarded the plaintiff the sums of $17,000 for past lost earnings and $5,000 for future lost earnings over 10 years.
The Supreme Court properly denied the plaintiff’s motion pursuant to CPLR 4404 (a) to set aside the verdict. Moreover, the jury’s award was not contrary to the weight of the evidence, and did not deviate materially from what would be reasonable compensation (see CPLR 5501 [c]; Guallpa v Key Fat Corp., 98 AD3d 650, 651 [2012]; Nicastro v Park, 113 AD2d 129, 134 [1985]). Contrary to the plaintiff’s contention, the Supreme Court properly denied his request for a missing-witness charge, as Bywise demonstrated that the witness would not testify as to any matter that was in dispute (see Lauro v City of New York, 67 AD3d 744, 746 [2009]; Hanlon v Campisi, 49 AD3d 603, 604 [2008]). The jury could reasonably have concluded that it was the plaintiffs poor employment record, which included several disciplinary infractions, that led to his departure from his previous employment, rather than his inability, due to the subject accident, to physically perform the functions required by his previous employment. Mastro, J.P, Hall, Lott and Sgroi, JJ., concur.