■ SHAWN LAWTON, Respondent, v SHIRLEY M. PALMER et al., Appellants. [7 NYS3d 177]—

In an action to recover damages for personal injuries, the defendants appeal from a judgment of the Supreme Court, Kings County (Battaglia, J., at liability trial; Sweeney, J., at damages trial), entered February 19, 2013, which, upon a jury verdict on the issue of liability finding them 100% at fault in the happening of the accident, and, upon a separate jury verdict on the issue of damages awarding the plaintiff the principal sum of $400,000, is in favor of the plaintiff and against them in the principal sum of $400,000.

Ordered that the judgment is reversed, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of damages. The findings of fact as to liability are affirmed.

This case arises from a motor vehicle accident that occurred at the intersection of Jamaica Avenue and Pennsylvania Avenue, in Brooklyn. After a jury trial on the issue of liability, the defendants were found to be 100% at fault in the happening of the accident. After a separate jury trial on the issue of damages, the plaintiff was awarded the principal sum of $400,000.

The defendants contend that the trial court, at the liability trial, erred in precluding the testimony of a nonparty witness about what he viewed on a surveillance tape of the accident, because the plaintiff had opened the door to the introduction of that evidence. Under the circumstances here, the trial court did not improvidently exercise its discretion in precluding testimony about the surveillance tape and its contents pursuant to the best evidence rule (see People v Cyrus, 48 AD3d 150, 159 [2007]; cf. People v Manohar, 40 AD3d 1123, 1123-1124 [2007]), or in finding that the defendants did not meet the "heavy burden" of establishing that the testimony was a reliable and accurate portrayal of the surveillance video (Schozer v William Penn Life Ins. Co. of N.Y., 84 NY2d 639, 645 [1994]). Accordingly, the defendants are not entitled to a new trial on the issue of liability.

However, under the circumstances of this case, the defendants are entitled to a new trial on the issue of damages. At the beginning of the damages trial, the defendants moved to preclude the plaintiff from offering a surgical report and other medical records authored by his nontestifying orthopedic

surgeon, who had been convicted of Medicare fraud shortly after the subject accident. The trial court denied the motion and permitted the introduction of the report and other records into evidence. During the damages trial, the plaintiff presented the testimony of Dr. Jeffrey Guttman, who evaluated the plaintiff on May 15, 2012, approximately three years after the subject car accident. Guttman reviewed, inter alia, the operative report of the plaintiff's nontestifying orthopedic surgeon and an initial consultation report. According to Guttman, the findings of the plaintiff's orthopedic surgeon indicated that the plaintiff had suffered significant limitations to the range of motion of his left shoulder.

Prior to resting their case, the defendants made an application, pursuant to CPLR 4540, to enter into evidence certified copies of records from the New York State Department of Health, which included the plaintiff's orthopedic surgeon's plea of guilty to insurance fraud in 1994 and his plea of guilty to misconduct. The trial court denied the defendants' application, finding the records to be inadmissible pursuant to CPLR 4513 because they did not constitute a certified copy of a criminal conviction.

Under the circumstances of this case, the trial court should have admitted the certified copies of the Department of Health records into evidence for the purpose of impeaching the plaintiff's nontestifying orthopedic surgeon (*see generally People v Anderson*, 114 AD3d 1083, 1086-1087 [2014]; *People v Canady*, 186 AD2d 749, 749-750 [1992]). While the trial court found the records to be inadmissible pursuant to CPLR 4513 because they did not constitute a certified copy of a criminal conviction, the certified copies of the Department of Health records were admissible pursuant to CPLR 4540 (*see generally People v Wheeler*, 46 AD3d 1082 [2007]). Moreover, this impeachment evidence was especially probative since Guttman relied, at least in part, on reports prepared by the plaintiff's orthopedic surgeon in forming his medical opinions. Under these circumstances, the jury at the damages trial should have been made aware of the prior guilty pleas of the plaintiff's orthopedic surgeon, which bore on his credibility. Accordingly, a new damages trial is warranted.

The parties' remaining contentions either are not properly before this Court or need not be addressed in light of our determination. Dillon, J.P., Balkin, Hall and Cohen, JJ., concur.