■ ELIZABETH EASTMAN, Respondent, v CLIFFORD C. NASH et al., Appellants. [61 NYS3d 608]—

In an action to recover damages for personal injuries, (1) the defendant Clifford C. Nash appeals, and the defendants New York Ambulette Transport, Inc., and David Fiorentino separately appeal, from a judgment of the Supreme Court, Kings County (Vaughn, J.), entered December 5, 2014, which, upon a jury verdict finding that the plaintiff sustained a serious injury under the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d) and that the plaintiff sustained damages in the principal sums of $150,000 for past pain and suffering and $50,000 for future pain and suffering, is in favor of the plaintiff and against them in the principal sum of $200,000, and (2) the defendant Clifford C. Nash appeals, as limited by his brief, from so much of an order of the same court dated June 17, 2015, as denied his motion pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and excessive and for a new trial.

Ordered that the judgment is affirmed; and it is further,

Ordered that the order is affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff allegedly was injured when a vehicle in which she was a passenger, driven by the defendant David Fiorentino and owned by the defendant New York Ambulette Transport, Inc. (hereinafter together the Ambulette defendants), collided with a vehicle driven by the defendant Clifford C. Nash. At a trial on the issue of damages, the plaintiff presented the testimony of a neurologist, who testified that he measured the range of motion of the plaintiff's lumbar spine, and found

deficits of up to 50%. The plaintiff's neurologist also reviewed an MRI film of the plaintiff's lumbar spine taken after the accident, and concluded that it showed no major preexisting conditions. He concluded that the accident caused a disc herniation at L4/5.

The defendants presented the testimony of a diagnostic radiologist, who reviewed the same MRI film, and concluded that the plaintiff's disc herniation at L4/5 was caused by degeneration that had been occurring for several years before the accident. The defendants also presented the testimony of a neurologist, who examined the plaintiff after the accident, and concluded that "[s]he was somewhat short of full movement of the lumbar spine, the lower back."

The jury found that the plaintiff sustained a serious injury under both the permanent consequential limitation of use and significant limitation of use categories of Insurance Law § 5102 (d), and that the plaintiff sustained damages in the sums of $150,000 for past pain and suffering and $50,000 for future pain and suffering, covering a period of one year. A judgment in favor of the plaintiff and against the defendants in the principal sum of $200,000 was entered on December 5, 2014. Nash and the Ambulette defendants separately appeal from the judgment.

In addition, Nash moved, and the Ambulette defendants separately moved, pursuant to CPLR 4404 (a) to set aside the jury verdict on the issue of damages and for judgment as a matter of law, or, in the alternative, to set aside the verdict as contrary to the weight of the evidence and excessive and for a new trial. In an order dated June 17, 2015, the Supreme Court denied both postverdict motions. Only Nash appeals from the order.

The Supreme Court properly denied that branch of Nash's motion which was pursuant to CPLR 4404 (a) for judgment as a matter of law. "A motion for judgment as a matter of law pursuant to CPLR 4401 or 4404 may be granted only when the trial court determines that, upon the evidence presented, there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (*Tapia v Dattco, Inc.*, 32 AD3d 842, 844 [2006]; *see Szczerbiak v Pilat*, 90 NY2d 553, 556 [1997]; *Jourbine v Ma Yuk Fu*, 67 AD3d 865, 866 [2009]). In considering such a motion, " 'the trial court must afford the party opposing the motion every inference which may properly be drawn from

the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (*Hand v Field*, 15 AD3d 542, 543 [2005], quoting *Szczerbiak v Pilat*, 90 NY2d at 556). Here, based on the evidence adduced at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the plaintiff sustained a serious injury to the lumbar region of her spine under either the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (*see generally Jilani v Palmer*, 83 AD3d 786, 787 [2011]; *Staff v Yshua*, 59 AD3d 614 [2009]).

Moreover, the verdict is not contrary to the weight of the evidence. A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached its verdict on any fair interpretation of the evidence (*see Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d 587, 588 [2011]; *see generally Lolik v Big V Supermarkets*, 86 NY2d 744 [1995]; *Nicastro v Park*, 113 AD2d 129 [1985]). "Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (*Ferreira v Wyckoff Hgts. Med. Ctr.*, 81 AD3d at 588; *see Frenchman v Westchester Med. Ctr.*, 77 AD3d 618, 619 [2010]). Here, regarding whether the accident caused the injury to the lumbar region of the plaintiff's spine, it was a fair interpretation of the evidence for the jury to credit the testimony of the plaintiff's neurologist over that of the defendants' diagnostic radiologist.

Contrary to the defendants' contention, the Supreme Court providently exercised its discretion in preventing them from introducing evidence that the plaintiff's nontestifying physician committed fraud. The plaintiff's expert neurologist did not testify that he relied on the nontestifying physician's records in forming his conclusions about the plaintiff's injuries. Indeed, the plaintiff's neurologist testified that his opinion was based on his own examination of the plaintiff and his review of the MRI film of the plaintiff's lumbar spine. The evidence that the nontestifying physician committed fraud was not relevant to these factors (*cf. Lawton v Palmer*, 126 AD3d 945, 947 [2015]).

Also contrary to the defendants' contention, the Supreme Court properly denied their belated request for a missing witness charge (*see Herman v Moore*, 134 AD3d 543, 545 [2015]; *see generally Buttice v Dyer*, 1 AD3d 552, 552-553 [2003]). The defendants' contention that they were also entitled to a missing documents charge is without merit (*see generally Scaglione v Victory Mem. Hosp.*, 205 AD2d 520, 520-521 [1994]; *cf. Thomas v Rogers Auto Collision, Inc.*, 69 AD3d 608, 609 [2010]).

The award of damages for past and future pain and suffering did not deviate materially from what would be reasonable compensation (*see* CPLR 5501; *Lauro v City of New York*, 67 AD3d 744, 746 [2009]; *Lifshits v Variety Poly Bags*, 5 AD3d 566, 567 [2004]; *Wimbish v New York City Tr. Auth.*, 305 AD2d 586 [2003]). Hall, J.P., Roman, Cohen and Barros, JJ., concur.