Stryker Sec. Group Inc. v Elite Investigations Ltd. (2019 NY Slip Op 02162)





Stryker Sec. Group Inc. v Elite Investigations Ltd.


2019 NY Slip Op 02162


Decided on March 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 21, 2019

Friedman, J.P., Renwick, Webber, Kahn, Kern, JJ.


8760 151183/13

[*1]Stryker Security Group Inc., Plaintiff-Respondent,
v
Elite Investigations Ltd., Defendant-Appellant.
Elite Investigations Ltd., Third-Party Plaintiff-Appellant,
William Mlynarick, et al., Third-Party Defendants-Respondents.


Harris J. Zakarin, P.C., Melville (Harris J. Zakarin of counsel), for appellant.
Wrobel Markham LLP, New York (M. Katherine Sherman of counsel), for respondents.



Judgment, Supreme Court, New York County (Robert R. Reed, J., and a jury), entered November 1, 2017, against defendant in favor of plaintiff, unanimously affirmed, without costs.
The jury verdict against defendant and in favor of third-party defendant Anthony Romano is not against the weight of the evidence. If the jury believed Romano and third-party defendant William Mlynarick instead of defendant's witnesses — as it was entitled to do (James v Farhood, 96 AD3d 503, 504 [1st Dept 2012]) — we cannot conclude that the evidence weighed so heavily in defendant's favor that the verdict could not have been reached on any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744, 746 [1995]).
Defendant did not object to the jury instructions; hence, it failed to preserve its argument that the court should have charged the jury that fraud was a defense to plaintiff's breach of contract claim (see CPLR 4110-b; IGS Realty Co., L.P. v Brady, 149 AD3d 524 [1st Dept 2017], lv dismissed 31 NY3d 1036 [2018]). Even if, arguendo, we were to consider this argument in the interests of justice (see Peguero v 601 Realty Corp., 58 AD3d 556, 563 [1st Dept 2009]), we would reject it. A party who claims that he or she has been defrauded into entering a contract may assert fraud and rescission as a defense (VisionChina Media Inc. v Shareholder Representative Servs., LLC, 109 AD3d 49, 56 [1st Dept 2013]). Defendant cannot rescind, because it cannot return that which it received and which plaintiff provided, viz., tens of thousands of hours of security guard services. Of course, defendant could — and did — counterclaim for damages from fraud (see id.), as discussed below.
It is unclear whether defendant preserved its argument that the court erred in directing a verdict in favor of plaintiff and Mlynarick; thus, we will consider it on the merits. The court correctly dismissed the fraud counterclaim and third-party claim against plaintiff and Mlynarick, respectively, because defendant failed to prove the very first element of fraud, viz., a representation by plaintiff and Mlynarick as to a material fact (Ross v Louise Wise Servs., Inc., 8 NY3d 478, 488 [2007]). Defendant also failed to prove pecuniary loss (see id.), since its president and chief executive officer admitted that it didn't lose a dime as a result of using plaintiff. Although defendant presented evidence that its profit margin decreased, under the out-of-pocket rule, it may not recover profits that would have been realized had there been no fraud (Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]).
The court correctly dismissed the claim against Mlynarick for breaching the covenant of [*2]good faith and fair dealing, because Mlynarick, plaintiff's president and a shareholder, was not party to any contract with defendant (see Duration Mun. Fund, L.P. v J.P. Morgan Sec. Inc., 77 AD3d 474 [1st Dept 2010]). While defendant argued that plaintiff's corporate veil should be pierced to reach Mlynarick, it failed to prove that Mlynarick was doing business in his individual capacity, shuttling his personal funds in and out of plaintiff without regard to formality and to suit his immediate convenience (see Walkovszky v Carlton, 18 NY2d 414, 420 [1966]).
Defendant's claim that plaintiff breached the covenant of good faith and fair dealing by soliciting and obtaining business from Guess USA was correctly dismissed, because it requires that the covenant be construed so broadly as to nullify the contract's other express terms (see Fesseha v TD Waterhouse Inv. Servs., 305 AD2d 268, 268 [1st Dept 2003]). The agreement between plaintiff and defendant says, "It is expressly agreed and understood between the parties hereto that: (i) this engagement is nonexclusive; (ii) nothing in this Agreement will in any way restrict [plaintiff's] right to render the same or similar services to or for the benefit of any third parties."
The court correctly dismissed defendant's claim against plaintiff and Mlynarick for tortiously interfering with its business relations with Guess, because defendant failed to prove that plaintiff and Mlynarick acted solely out of malice or used improper or illegal means amounting to a crime or an independent tort (see Amaranth LLC v J.P. Morgan Chase & Co., 71 AD3d 40, 47 [1st Dept 2009], lv dismissed in part, denied in part 14 NY3d 736 [2010]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 21, 2019
CLERK