Madia v Garcia (2021 NY Slip Op 05632)





Madia v Garcia


2021 NY Slip Op 05632


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Kapnick, J.P., Singh, Shulman, Pitt, Higgitt, JJ. 


Index No. 27231/16 Appeal No. 14390 Case No. 2020-03104 

[*1]Vincent Madia, Plaintiff-Respondent, Patricia Verdesoto, Plaintiff,
v
Jaime A. Garcia, Defendant-Appellant.


The Noll Law Firm, P.C., New York (Nicholas W. Dell'Anno of counsel), for appellant.
Morgan Levine Dolan, P.C., New York (Joseph Gorczyca of counsel), for respondent.



Order, Supreme Court, Bronx County (Julia I. Rodriguez, J.), entered on or about June 15, 2020, which granted plaintiff Vincent Madia's motion to set aside the verdict to the extent of vacating the $5,000 jury award for past pain and suffering and increasing it to $250,000, unanimously affirmed, without costs.
The trial court providently exercised its discretion in increasing the award for past pain and suffering from $5,000 to $250,000. While the jury could reasonably have concluded that plaintiff's ankle was not fractured but merely sprained and that some portion of the pain he experienced was attributable to a prior ankle injury, it could not have reasonably disregarded the evidence that plaintiff suffered a herniated disc and two disc bulges as a result of the accident.
The MRI films and reports demonstrating those injuries were properly admitted as part of the file of plaintiff's treating doctor, notwithstanding that they were created at an outside facility (see Freeman v Shtogaj, 174 AD3d 448, 449 [1st Dept 2019]). Plaintiff's doctor also properly relied on those records in offering his opinions at trial, which were based not only on the MRIs, which he ordered, but also on his own examination and tests (see id. at 449-450).
Because the jury award for past pain and suffering in this case was far lower than the awards in other cases involving disc herniations or bulges, the trial court properly increased that award (see e.g. Waring v Sunrise Yonkers SL, LLC, 134 AD3d 488, 490 [1st Dept 2015]; James v Farhood, 96 AD3d 503, 504-505 [1st Dept 2012]; Turuseta v Wyassup-Laurel Glen Corp., 91 AD3d 632, 635 [2d Dept 2012]; Sanabia v 718 W. 178th St., LLC, 49 AD3d 426, 426 [1st Dept 2008]; Wimbish v NYC Tr. Auth., 305 AD2d 586, 587 [2d Dept 2003]; Amonbea v Perry Bev. Distribs., 294 AD2d 285, 286 [1st Dept 2002]).
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021