Shehata v Koruthu (2022 NY Slip Op 00207)





Shehata v Koruthu


2022 NY Slip Op 00207


Decided on January 12, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 12, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
CHERYL E. CHAMBERS
ROBERT J. MILLER
WILLIAM G. FORD, JJ.


2018-14261
 (Index No. 100042/15)

[*1]Adel Shehata, appellant,
v
Jose Koruthu, respondent.


Sim & Record, LLP, Bayside, NY (Sang J. Sim of counsel), for appellant.
Rivkin Radler LLP, Uniondale, NY (Henry Mascia and Cheryl Korman of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from a judgment of the Supreme Court, Richmond County (Kim Dollard, J.), entered October 10, 2018. The judgment, upon a jury verdict finding that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, is in favor of the defendant and against the plaintiff dismissing the complaint.
ORDERED that the judgment is affirmed, with costs.
The plaintiff allegedly sustained personal injuries in a motor vehicle accident. Thereafter, the plaintiff commenced this action to recover damages for personal injuries. A jury trial on the issues of serious injury and damages was held. The jury found that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the accident. The plaintiff moved, in effect, pursuant to CPLR 4404(a) to set aside the verdict. The Supreme Court denied the plaintiff's motion, and a judgment was entered in favor of the defendant and against the plaintiff dismissing the complaint. The plaintiff appeals.
During the trial, the defendant's counsel elicited testimony from the plaintiff concerning a workers' compensation claim that he filed for the subject motor vehicle accident. The Supreme Court instructed the jury that this testimony concerning workers' compensation was stricken from the record and should not be considered. Thereafter, during summation, the defendant's counsel twice referenced the plaintiff's workers' compensation claim. Each time, the court sustained the plaintiff's counsel's objection and instructed the jury to disregard said comments as they were irrelevant.
The plaintiff asserts that a new trial is warranted because the Supreme Court's instructions did not cure the prejudice resulting from the testimony and summation comments. The plaintiff, however, failed to move for a mistrial on this ground, and, thus, waived his right to seek relief on this ground pursuant to CPLR 4404(a) (see Virgo v Bonavilla, 49 NY2d 982, 983-984; Matosic v Gelb, 232 AD2d 221; Mathews v Coca-Cola Bottling of N.Y., 188 AD2d 590, 591; Kamen v City of New York, 169 AD2d 705, 706). In any event, in sustaining the plaintiff's objections to the [*2]comments and providing curative instructions, the court corrected any possible prejudice resulting from the subject testimony and summation comments (see Richardson v City of New York, 109 AD3d 808, 809; Fekry v New York City Tr. Auth., 75 AD3d 616, 617).
Contrary to the plaintiff's contention, the Supreme Court properly denied his motion to strike the testimony of the defendant's expert on the ground that the expert made prior inconsistent statements in his sworn reports. "It is within the province of the jury to determine an expert's credibility" (see Saccone v Gross, 84 AD3d 1208, 1209). Instead, the proper remedy for the expert's allegedly inconsistent statements was to impeach his testimony (see CPLR 4515; Cheathem v Ostrow, 100 AD3d 819). Further, we do not reach the plaintiff's contention that the court should have stricken the defendant's expert's testimony because it was outside the scope of the defendant's CPLR 3101(d) disclosure. It is the appellant's obligation to assemble a proper record on appeal (see Hanspal v Washington Mut. Bank, 153 AD3d 1329, 1332; 425 E. 26th St. Owners Corp. v Beaton, 128 AD3d 766, 767). Without a complete record that includes the defendant's CPLR 3101(d) disclosure, this Court is unable to render an informed decision on the merits of this issue (see Rivera v City of New York, 80 AD3d 595, 596).
The Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4404(a) to set aside the verdict and for judgment as a matter of law. "A motion pursuant to CPLR 4401 or 4404 for judgment as a matter of law may be granted only 'where the trial court finds that, upon the evidence presented, there is no rational process by which the fact trier could base a finding in favor of the nonmoving party'" (Caliendo v Ellington, 104 AD3d 635, 636, quoting Szczerbiak v Pilat, 90 NY2d 553, 556). "In considering such a motion, 'the trial court must afford the party opposing the motion every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the nonmovant'" (Hamilton v Rouse, 46 AD3d 514, 516, quoting Szczerbiak v Pilat, 90 NY2d at 556). Here, viewing the facts in the light most favorable to the defendant, there was a rational process by which the jury could find that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see generally Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957; Gouvea v Lesende, 127 AD3d 811).
Moreover, the Supreme Court properly denied that branch of the plaintiff's motion which was, in effect, pursuant to CPLR 4044(a) to set as the verdict as contrary to the weight of the evidence and for a new trial. "A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Maharaj v LaRoche, 121 AD3d 953; see Lolik v Big V Supermarkets, 86 NY2d 744, 746). "If the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Ashby v Mullin, 56 AD3d 588, 589). "'Where, as here, conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert'" (Eastman v Nash, 153 AD3d 1323, 1325, quoting Ferreira v Wyckoff Hgts. Med. Ctr., 81 AD3d 587, 588). Here, it was a fair interpretation of the evidence for the jury to credit the testimony of the defendant's expert over that of the plaintiff's expert concerning the cause of the injuries to the plaintiff's shoulders (see Bohan v DeLucia, 178 AD3d 999, 1000; Canale v Khananayev, 173 AD3d 965, 967; Eastman v Nash, 153 AD3d at 1325).
IANNACCI, J.P., CHAMBERS, MILLER, and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court