Casanova v Aaron B. Chevrolet Co., Inc. (2022 NY Slip Op 07433)

Casanova v Aaron B. Chevrolet Co., Inc.

2022 NY Slip Op 07433

Decided on December 28, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 28, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
JOSEPH A. ZAYAS
LILLIAN WAN, JJ.

2020-02069
 (Index No. 500923/17)

[*1]Emily Casanova, respondent, 
v
Aaron B. Chevrolet Co., Inc., et al., appellants.

Sobel Pevzner, LLC, Huntington, NY (Curtis Sobel of counsel), for appellants.
Burns & Harris, New York, NY (Jason S. Steinberg of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Francois A. Rivera, J.), entered January 21, 2020. The order granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside a jury verdict on the issue of liability as contrary to the weight of the evidence and for a new trial.
ORDERED that the order is affirmed, with costs.
In January 2016, the plaintiff allegedly was injured when she stepped in a hole in the parking lot of a 7-Eleven convenience store located in Brooklyn. The plaintiff commenced this action against, among others, the defendant 7-Eleven, Inc., the lessee of the property at the time of the accident, to recover damages for personal injuries. At the close of the plaintiff's case at a jury trial on the issue of liability, the Supreme Court granted the motions of the defendants Aaron B. Chevrolet Co., Inc., Dong J. Kim, The Store 24 Companies, Inc., and the Southland Corporation for directed verdicts. At the conclusion of the trial on the issue of liability, the jury found that the condition of the parking lot was not reasonably safe, that 7-Eleven, Inc., was negligent in that regard, and that the negligence of 7-Eleven, Inc., was not a substantial factor in causing the plaintiff's accident.
The plaintiff moved pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, arguing that the verdict was inconsistent and not based on a fair interpretation of the evidence. The Supreme Court granted the motion. The defendants appeal.
A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence (see Lolik v Big V Supermarkets, 86 NY2d 744; Nicastro v Park, 113 AD2d 129). "A jury's finding that a party was at fault but that such fault was not a proximate cause of the accident is inconsistent and against the weight of the evidence only when the issues are so inextricably interwoven as to make it logically impossible to find negligence without also finding proximate cause" (Garrett v Manaser, 8 AD3d 616, 617; see Brennan v Gormley, 181 AD3d 552, 553). Where there is a reasonable view of the evidence under which it is not logically impossible to reconcile a finding of negligence but no proximate cause, it will be presumed that, in returning such a verdict, the jury adopted that view (see [*2]Moffett-Knox v Anthony's Windows on the Lake, Inc., 126 AD3d 768, 768-769).
Under the circumstances of this case, the jury's finding that 7-Eleven, Inc., was negligent but that its negligence was not a proximate cause of the subject accident was inconsistent and not supported by a fair interpretation of the evidence (see Wallace v City of New York, 108 AD3d 760; Gaudiello v City of New York, 80 AD3d 726; Alexander v City of New York, 21 AD3d 389; cf. Lopez v Hage, 127 AD3d 824). Accordingly, the Supreme Court properly granted the plaintiff's motion pursuant to CPLR 4404(a) to set aside the jury verdict as contrary to the weight of the evidence and for a new trial.
BARROS, J.P., MALTESE, ZAYAS and WAN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court