Angeles v County of Suffolk (2023 NY Slip Op 06720)

Angeles v County of Suffolk

2023 NY Slip Op 06720

Decided on December 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
ROBERT J. MILLER
LARA J. GENOVESI
LAURENCE L. LOVE, JJ.

2020-01634
2021-03348
 (Index No. 64550/13)

[*1]Nicole Angeles, respondent, 
v
County of Suffolk, et al., appellants.

Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Scott J. Kreppein of counsel), for appellants.
Proner & Proner, New York, NY (Tobi R. Salottolo of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for personal injuries, the defendants appeal from (1) an order of the Supreme Court, Suffolk County (David T. Reilly, J.), dated January 17, 2020, and (2) a judgment of the same court entered March 18, 2021. The order denied the defendants' motion pursuant CPLR 4404(a) to set aside a jury verdict and for judgment as a matter of law, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages. The judgment, insofar as appealed from, upon the jury verdict, is in favor of the plaintiff and against the defendants in the principal sum of $745,000.
ORDERED that the appeal from the order is dismissed, without costs or disbursements, and it is further,
ORDERED that the judgment is modified, on the facts and in the exercise of discretion, by deleting the provision thereof awarding damages to the plaintiff for past pain and suffering; as so modified, the judgment is affirmed insofar as appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Suffolk County, for a new trial on the issue of damages for past pain and suffering, and for the entry of an appropriate amended judgment thereafter, unless within 30 days after service upon the plaintiff of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Suffolk County, a written stipulation consenting to reduce the award of damages for past pain and suffering from the principal sum of $634,000 to the principal sum of $300,000, and to the entry of an appropriate amended judgment accordingly; in the event the plaintiff so stipulates, then the judgment, as so reduced and amended, is affirmed insofar as appealed from, without costs or disbursements.
The appeal from the order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248).
The plaintiff allegedly sustained injuries to the cervical region of her spine when a [*2]vehicle she occupied was struck by a bus owned and operated by the defendants. The plaintiff commenced this action to recover damages for personal injuries she sustained in the subject accident. At trial, the plaintiff presented evidence that she sustained a loss of range of motion in the cervical region of her spine and underwent various treatments, including injections in her neck. These treatments alleviated, but did not eliminate, the plaintiff's pain and did not fully restore her range of motion. The plaintiff's doctor testified that the plaintiff's injuries were permanent and her prognosis for a full recovery was poor.
The jury found, inter alia, that the plaintiff had sustained a serious injury under the permanent consequential limitation and significant limitation of use categories of Insurance Law § 5102(d). The jury awarded the plaintiff the principal sums of $634,000 for past pain and suffering and $111,000 for future pain and suffering over a period of 10 years. In an order dated January 17, 2020, the Supreme Court denied the defendants' motion pursuant CPLR 4404(a) to set aside the jury verdict and for judgment as a matter of law, to set aside the jury verdict as contrary to the weight of the evidence and for a new trial, or to set aside the jury verdict on the issue of damages as excessive and for a new trial on the issue of damages. A judgment was entered on March 18, 2021, in favor of the plaintiff and against the defendants in the principal sum of $745,000. The defendants appeal.
Judgment as a matter of law "may be granted only when . . . there is no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusion reached by the jury upon the evidence presented at trial, and no rational process by which the jury could find in favor of the nonmoving party" (Hiotidis v Ramuni, 161 AD3d 955, 956 [internal quotation marks omitted]; see Szczerbiak v Pilat, 90 NY2d 553, 556). The successful party must be afforded "every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the" successful party (Feldman v Knack, 170 AD3d 667, 669 [internal quotation marks omitted]).
"A jury verdict should not be set aside as contrary to the weight of the evidence unless the jury could not have reached the verdict by any fair interpretation of the evidence" (Casanova v Aaron B. Chevrolet Co., Inc., 211 AD3d 1008, 1009). "If the verdict can be reconciled with a reasonable view of the evidence, the successful party is entitled to the presumption that the jury adopted that view" (Shehata v Koruthu, 201 AD3d 761, 764 [internal quotation marks omitted]). When "conflicting expert testimony is presented, the jury is entitled to accept one expert's opinion and reject that of another expert" (id. at 764 [internal quotation marks omitted]).
Here, based on the evidence adduced by the plaintiff at trial, there was a valid line of reasoning and permissible inferences from which the jury could have concluded that the plaintiff sustained a serious injury under the permanent consequential limitation and significant limitation of use categories of Insurance Law § 5102(d) (see Williams v Ncho, 212 AD3d 687, 689; Eastman v Nash, 153 AD3d 1323, 1325; see generally Toure v Avis Rent A Car Sys., 98 NY2d 345, 357; Gaddy v Eyler, 79 NY2d 955, 958). Moreover, the jury verdict was supported by a fair interpretation of the evidence (see Casanova v Aaron B. Chevrolet Co., Inc., 211 AD3d at 1009; Shehata v Koruthu, 201 AD3d at 764).
"A jury's determination with respect to awards for past and future pain and suffering will not be set aside unless the award deviates materially from what would be reasonable compensation" (Garcia v CPS 1 Realty, LP, 164 AD3d 656, 658, citing CPLR 5501[c]; see Petit v Archer, 218 AD3d 695, 696). "The 'reasonableness' of compensation must be measured against relevant precedent of comparable cases" (Kayes v Liberati, 104 AD3d 739, 741; see Petit v Archer, 218 AD3d at 696).
Here, considering the nature and extent of the plaintiff's injuries, the jury's award of $111,000 for future pain and suffering did not deviate materially from what would be reasonable compensation. However, the jury's award of $634,000 for past pain and suffering deviated materially from what would be reasonable compensation to the extent indicated herein (see Chung v Shaw, 175 AD3d 1237, 1239; Garcia v Fernandez, 167 AD3d 991, 991-992; Cicola v County of Suffolk, 120 AD3d 1379, 1380).
The defendants' remaining contention is unpreserved for appellate review. In any event, even if this contention had been preserved, it is without merit.
LASALLE, P.J., MILLER, GENOVESI and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court